## J. B. BENEFIELD v. T. O. HINES.

The Police Jury of a parish have the power to impose a tax on drinking houses within the limits of an incorporated town in the parish, although the town by its charter is empowered to grant licenses for that purpose.

APPEAL from the District Court of the parish of Catahoula, *Richardson*, J. *Crawford & Hawkins*, for plaintiff and appellant. *R. H. Cuny*, for defendant.

COLE, J. This is an injunction sued out by plaintiff, to prevent the sale of his property, which had been seized and advertised for sale, to satisfy the sum of one hundred dollars, claimed by the defendant, as Parish Tax Collector, to be due the parish of Catahoula by plaintiff, as parish license for the year 1856, as a keeper of a grogshop.

There was judgment for defendant, and plaintiff has appealed.

It is contended by appellant, that the 10th section of the Act of incorporation of the town of Trinity, in the parish of Catahoula, (Sess. Acts, 1850, p. 49,) empowers the authorities of the town to lay and collect taxes upon all grogshops within the limits of the corporation ; that the parish is not authorized to impose a tax on grogshops, because the 12th section of the said Act ordains : " that said corporation, in all things *not herein provided for*, shall be and remain subject to the authority of the Police Jury."

And inasmuch as the Act provides for the licensing of grogshops, the corporation of Trinity is not, as to this, subject to the Legislative power of the Police Jury.

This argument is untenable. The law relative to Police Juries, (Revis. Stat., p. 409, § 18 and 19,) authorizes them to collect a certain amount from all keepers of billiard tables and grogshops ; as then there is no provision for this, in the Act of incorporation, it remains subject to the authority of the Police Jury.

It is also argued by plaintiff, that the power of Police Juries or towns to grant licenses to grogshops, is derived alone from the Act of 1855, relative to " drinking houses," (Revis. Stat., p. 186) and " that the same section of the Act which bestows this power upon the Police Juries, accords it also to incorporated towns, and that neither, in this respect, can exercise any control over the other ; and further, that this Act destroys the right of a Police Jury to license a grogshop in an incorporated town."

This Act grants to the Police Juries of the several parishes, the municipal authorities of the several towns and cities, and the Board of Aldermen and Assistant Aldermen, together with the Mayor, of the city of New Orleans, the exclusive power to make such laws and such regulations for the sale or prohibition of the sale of intoxicating liquors, as they may deem advisable, and to grant or withhold licenses from drinking houses and shops, within the limits of any city, ward of a parish, or town, as the majority of the legal voters of any city, ward of a parish, or town, may determine by ballot, and the State relinquishes all right to grant licenses in any town, city or parish, in which it is not granted by the authorities ; but whenever any licenses may be granted, the State shall have power to collect the tax coming to the State for such licensed drinking houses or shops.

The intention of this Act was to promote the cause of temperance; it does not deprive Police Juries of the right of collecting the amounts that may be legally due their respective parishes for the sale of ardent spirits, when their sale is permitted within the incorporated limits of a town by a majority of its legal voters.

We would observe, in conclusion, that the question was not raised by appellant in his brief, whether the sum demanded by the Tax Collector exceeds the precise amount of the *per centum* extended over the State tax roll for the year 1856, and further, that the evidence does not establish that such was the case. Rev. Stat. p. 410, § 19.

Judgment affirmed with costs of appeal.

MERRICK, C. J. I concur in the opinion of my colleagues, that sec. 12 of the Act of incorporation of the town of Trinity, does not exclude the right of the parish of Catahoula to assess taxes upon the ordinary objects of taxation. But in my opinion, the assessment can only be made by extending a certain *per centum* over the State tax roll, and the Police Jury is deprived of all power to pass a special ordinance upon any subject of taxation, differing from the *per centum* assessed on such tax roll. Acts 1847, p. 85, sec. 5, 6 and 8, 1848, p. 105, sec. 1.

Under the Act of 1855, p. 178, (Revis. Stat., p. 186) the town of Trinity, by the vote which its authorities are obliged to cause to be taken, has the exclusive right to determine whether the sale of spirituous liquors shall be allowed or prohibited. If the Police Jury had the power to tax retailers of spirituous liquors *ad libitum*, it would be inconsistent with this exclusive right in the town; for the tax might be placed so high by the Police Jury as to amount to a prohibition, notwithstanding the voters had voted to grant licenses.

But whenever the inhabitants have voted for the sale of spirituous liquors, then the retailers of such liquors become responsible to the State for the amount of the State tax assessed upon them, and the *per centum* of parish tax assessed over the State tax roll, and which applies to all objects of taxation, including retailers of spirituous liquors in quantities less than one gallon, and keepers of billiard tables.

In this case, it is admitted, it is true, that "the amount of *license* assessed by the Police Jury for the year 1856, on retailers of spirituous liquors in less quantities than one gallon, was one hundred dollars; but the counsel appears to use the terms license and tax as synonimous.

It is not therefore clear, that the sum demanded by the Tax Collector is the precise amount of the *per centum* extended over the State tax roll for the year 1856. It is therefore the duty of those enjoining the collection of taxes, to show that they are certainly illegal. See Rev. Stat., 460, sec. 3.

On these grounds, I concur in the decree in this case.