No. 13,840.

SUCCESSION OF MRS. LOUISA FRIED AND TOBIAS FRIED.

SYLLABUS.

1. Although an under-tutor is appointed a few days prior to the appointment of a tutor, his appointment is legal.

2. The debtor to the minors should not be appointed one of the members of a family meeting called to recommend some one to be appointed tutor. This rule of exclusion does not have the effect of excluding the brother of the minors, who is without interest, and who is not a debtor to them.

3. There were relatives of the minors to compose the family meeting. They were not called, but friends were appointed. Friends are called upon to serve in default of relatives. C. C. 281.

4. The judgment homologating the proceedings of the family meeting is annulled, and the case is remanded.

APPEAL from the Twenty-eighth Judicial District, Parish of Jefferson.—*Gaudet, J.*

---

*James B. Rosser, Jr.,* for Henry Peter, Appellant.

---

*Charbonnet & Marrero,* for Mrs. Louisa B. Rhodes and Philip Edwin Fried, Appellees.

---

The opinion of the court was delivered by

BREAUX, J. Appellant seeks to have annulled a judgment dated the 17th day of November, 1900, approving and homologating the recommendation and advice of the family meeting convened before John L. Langdridge, notary public, on the 11th day of October, 1900, appointing Thomas Evans Rhodes as tutor of the minors Frank George Fried and Tobias Fried, and further, in that connection, to have annulled all the

proceedings had purporting to have been held in the interest and for the benefit of these minors in regard to the said appointment of a tutor.

We assume that on the day the family meeting was held, for the paper is not dated, that the appellant objected in writing to the family meeting held on the 11th day of October, 1900, and requested, as well as directed, the clerk of court before whom the family meeting was held to incorporate the grounds of objection in his *proces verbal* of the family meeting, a request and direction with which the officer complied. The grounds of objection were that strangers or friends were to serve by appointment as members of the family meeting, although the minors had a number of relatives competent to serve as members of the family meeting residing within the circle prescribed by law.

On the 18th day of October, a petition to homologate the proceedings of this family meeting was filed. The petitioners for the homologation of the proceedings of the family meeting averred that Henry Peters, the appellant before this court, maternal uncle of the minors, named as a member of the family meeting, objected and protested against the family meeting on the ground before mentioned.

The petitioners asked the court to have Peters cited, we assume, in order that he might be heard in support of his objection, and, in addition, prayed for the homologation of the proceedings of the family meeting. In due time thereafter, Henry Peters appeared before the court and filed an exception to the petition of Louisa Fried and Thomas E. Rhodes, her husband, (the former, the sister of the minors in whose interest the family meeting had been held) and an exception to the petition of Philip Edward Fried, on the ground that Louisa Fried was not authorized by her husband to bring this suit, and stand in judgment, and that as to her husband, Thomas E. Rhodes, the petition disclosed no legal cause of action.

The case was set for trial on November 3rd, 1900. By consent of counsel for both plaintiff and defendant, on that date the case was continued to November 17th, 1900, at which time it was taken up, tried, and judgment of homologation pronounced. Thomas Evans Rhodes was appointed tutor, and the amount of his bond fixed. Rhodes furnished his bond, and it was recorded, and he qualified as tutor.

Counsel for appellant moved for a new trial and averred for this new trial that the judgment rendered on the 17th of November, 1900, homologating the proceedings of the family meeting and appointing Rhodes, tutor, overruling appellant's exception, was contrary to law by

reason of the fact that both counsel and client (the appellant) were ill and unable to be present at the trial; that the attorneys for the succession were notified of the illness of mover's attorney, on the 16th day of November, 1900; and, lastly, that if the trial of the exception had been regular and the judgment overruling the exception of mover legal, then mover was entitled by law to a reasonable time within which to answer.

We take the issues for decision as nearly as possible in their order.

In the first place, in attacking the proceedings, appellant urges that the appointment of the undertutor is illegal, because he was not appointed at the time that letters of tutorship were issued to the tutor. We do not attach the greatest importance to time in making the appointment of the undertutor. Andrew G. Gugel was duly appointed and qualified as undertutor of the minors, Frank George Fried and Tobias Fried. . The subsequent action of the court has not had the effect of annulling his appointment. The undertutor remains in his trust and continues in its discharge until he is discharged in one of the ways provided by law.

The next point in the order of issues, which attracted our attention, relates to the asserted want of authorization of the wife as a petitioner.

The exception assumes that Mrs. Louisa . Fried, wife of Thomas Rhodes, sister of the minors, was not authorized by her husband. The husband was a party to the petition and joined his wife as a petitioner. The averment is met by the wife that she is authorized as it was in Hayes vs. Dugas, 51 Ann. 447. The husband is one of the petitioners for the purpose of authorizing his wife. The point, in our view, has no merit.

The next ground of appellant's objection is that the law has not been complied with in that appellant says that no other relatives than the appellant himself were named, notified, or requested to attend and be members of the family meeting and that these minors had other relatives residing in the circle prescribed by law. It does appear that there are male relatives of these minors residing within the Parish of Jefferson, and several in the Parish of Orleans. At least five relatives shall be selected to compose the meeting, or, in default of relatives, friends. That provision of the law has not been complied with. The minors have a brother of age who resides in the same parish and, also, other relatives. It is urged by appellees, Rhodes and wife, that at least two

of the relatives had an interest adverse to the interest of the minors and they invoke the Article 283 of the Civil Code in justification of their exclusion from serving as members of the family meeting. The objection to one of these two is well founded. He owed a considerable amount to the succession, and, in the light of the article cited, he was not a proper person to serve on the family meeting. This objection does not hold good against the other relative, the brother of age of these minors. He has no adverse interest to his brothers by the mere fact that he is their co-heir. There is no question of the disposition of property. The whole proceeding relates to the appointment of a tutor. There are other relatives who should have been notified to attend, and, on that ground alone, we feel constrained to set aside the judgment homologating the proceedings of the family meeting. True, a judge has authority, in the exercise of a sound legal discretion, to exclude relatives in exceptional cases. In the Bothick case, in the 44th Annual, p, 1037, the court held that the judge not only has the legal discretion, but it becomes his duty to exclude from a family meeting relatives who are "hostile to a minor or evidently pursuing their own interests," but not, however, without some reason prompting the exclusion.

As in the cited case, we are not disposed to restrict the judge's authority, although we think it imperative not to hold as legal a family meeting composed of strangers when no notice•has been given to relatives. Although, in matter of the appointment of a tutor, the family meeting is advisory, and the judge is invested with large discretion, yet it should appear that it has been organized in the manner required.

We will not pass upon the other grounds pressed upon our attention. The conclusion arrived at relieves us of the necessity of deciding them. We will say, nonetheless, that we have given them consideration. They did not impress us as having any weight.

It is therefore, ordered, adjudged, and decreed, that the judgment of the District Court, dated 17th November, 1900, homologating the proceedings of the family meeting held on the 11th day of October, 1900, and appointing Thomas E. Rhodes, tutor, is annulled, avoided, and reversed at the cost of the appellee.

It is further ordered, adjudged, and decreed, that the case be remanded to be proceeded with in accordance with the views heretofore expressed, i. e., to hold a family meeting and appoint a dative tutor to the minors.

Rehearing refused.