On the Merits.
(Nov. 3, 1903.)
PRO YOST Y, J.
The widow Carbajal, wishing to marry again, applied to the court for the convocation of a family meeting to decide whether she should remain tutrix of her children, issue of her marriage with the deceased. She alleged that the minors had only four relations within the jurisdiction 'of the court, one of whom was their under-tutor. She named these relations, and suggested that, in default of relations, it would be necessary to appoint friends to compose the family meeting; and she gave the names of six persons suitable to be appointed. On this petition the judge made an order calling the meeting, and providing as follows: “Said meeting to be composed of the persons named in the said petition, or any five of them.”
The notary summoned to the meeting the nine persons thus named by the judge. The three relations voted against retaining the widow in the tutorship, and the six friends voted in favor of retaining her. Thereupon the widow petitioned the court for the homologation of the proceedings of the meeting, and cited the undertutor and the three relations to show cause to the contrary, if any they had.
They appeared, and assigned for cause that the order of court -calling the family meeting, and all the proceedings had thereunder, were null and void, because in contravention of articles 281, 282, and 284 of the Civil Code. As further cause, they made against the tutrix certain allegations, which we will say, in passing, are not supported by the evidence.
Articles 281, 282, and 284 of the Civil Code read as follows:
“Art. 281. Family meetings, in all cases in which they are required by law, for the interest of minors or of other persons, must be composed of at least five relations, or in default of relations friends of him on whose interest they are called upon to deliberate.
“These relations or friends must be select *953 ■ed from among those domiciliated in the parish in which the meeting is held, or in a neighborhood parish provided they do not reside at a distance exceeding thirty miles.
“Art. 282. The relations shall be selected according to their proximity beginning with the nearest.
“The relations shall be preferred to the connection of the same degree, and among relations of the same degree, the eldest shall be preferred.”
“Art. 284. The appointment of the members of a family meeting shall be made by the judge.”
The respect in which it is said the order of the judge contravenes article 284 is that, instead of appointing definitively the persons who should compose the family meeting, it leaves to the notary to take any five out of the nine persons named, thereby delegating in part to the notary a power of appointment which can be legally exercised only by the judge himself. We not think this point can be sustained. Had the notary exercised the discretion with which the order invested him, and held a meeting composed of persons ■of his bwn selection, the point might have been well taken. But he did not do this. He convoked to the meeting all the nine persons named in the order, thereby ignoring and reducing to mere harmless surplusage that part of the order delegating to him the power of appointing.. By this, what defect there was in the order was cured.
Article 281 is said to be contravened, in that, whereas, under its provisions, friends can be appointed on a family meeting only in default of relations (that is, when it is not possible-!» secure five relations, the minimum number required for a valid meeting), the judge appointed six friends, although there were three relations present, and therefore a default of only two.
If, as here contended, the judge was without authority to appoint more than two friends, the objection is a very serious one, for, in consequence of his action in appointing six, the result of the meeting has been changed. Had only two friends been appointed, the relations would have constituted a majority of the meeting. Bet it be noted, too, that by express statute (article 254, Civ. Code) the question of the retention, vel non, of the tutrix, has to be decided by the family, not by the judge, and that, by the appointment of this extra number of friends on the meeting, the judge has brought about a different decision from that which would have been reached by the family, so that he has done indirectly what he could not do directly. If it be true, therefore, that only two friends could be appointed, the proceedings of the meeting must be held not to represent a decision by the family, as required by law, and to be, in consequence, null and void.
The law has not left the composition of family meetings to the untrammeled discretion of the judge. It has prescribed in positive terms that the meeting shall be composed of at least five, and has prescribed in equally positive terms that it shall be composed of relations. Why, in prescribing the number of the members, the law has so emphatically fixed the lower limit, and left the upper limit undetermined, is obvious enough. Evidently, it was considered that not fewer than five persons should be called to the deliberations even if, in default of relations, friends had to be called in to fill out that number, but that, if more than five relations were available, there could be no objection to calling in as many more as might seem advisable, and that the discretion as to calling in this greater number might be left with perfect safety to the judge. But by this latitude it was not meant to convert the meeting of the family into a meeting of mere friends, or to leave it to the caprice of the judge so to do. Such an intention is nowhere expressed. The judge is authorized to appoint friends in default of relations. It is only in default of relations that he can appoint friends. His power to appoint friends is conditional upon there being a default of relations. Now, evidently, the default here spoken of is an existing, unavoidable default, not one which, by increasing the membership of the meeting beyond the strictly requisite number, the judge may himself create at pleasure. The idea evidently is that, if any number of relations be lacking to make up the full quota required for the constitution of a legal meeting, the judge shall supply the deficiency by the appointment of friends.
That, in the constitution of family meetings, our law does not place mere friends on the same plane as relations, has been emphasized by this court in a number of de *955 cisions—notably in the cases of State v. Pitot, 2 La. 537, and Succession of Fried, 106 La. 279, 30 South. 839.
In the case of State v. Pitot, the court said:
“The next question is, can the court order a meeting of the family composed of other-persons than the relations? The law recognizes the right to call on friends where there are no relations—in default of them, is the language of the Code. Whether, after all the means which are in the power of the tribunal of the first instance to compel the family meeting to act on the matter submitted to them have been exhausted, and no result can be obtained, there is an authority to pass over the relations and call in friends, is a question we are not called on at present to decide. So long as there is a possibility of obtaining a decision from those to whom the law has given the preference in deciding on the affairs of minors, the court cannot entertain the question of submitting their interests to the decision of others.”
And in the case of Succession of Fried, the court said:
“As in the cited case, we are not disposed to restrict the judge’s authority, although we think it imperative not to hold as legal a family meeting composed of strangers, when no notice has been given to relatives. Although, in the matter of the appointment of a tutor, the family meeting is advisory, and the judge is invested with large discretion, yet it should appear that it has been organized in the manner required.”
Our conclusion is that the judge had authority to appoint only two friends, and that the proceedings of the family meeting are, in consequence, null and void.
The question of what constitutes a default of relations, and whether the judge may appoint a greater number of friends than necessary to fill out the quota for a legal meeting, was not considered in the Bothick Case, 44 La. Ann. 1037, 11 South. 712, to which we are referred. All that was there decided was that the judge may, in his discretion, exclude relations whom he considers disqualified from serving, and appoint friends in their place. In the instant case no question is raised in connection with the exclusion of relations.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that the proceedings of the family meeting in question be vacated and the rule dismissed; the mover, Widow Carbajal, to pay the costs of both courts.