NICHOLLS, J.
Plaintiff sold to defendant a certain portion of ground in the Seventh district of New' Orleans, and, defendant refusing to accept title and comply with the terms of sale, this suit is brought to compel a specific performance on its part. The defenses set up are as follows:
“Now into this court, through undersigned counsel, comes the Eureka Homestead Society, and also Mrs. W. H. Carson', for whose account the said Eureka Homestead Society agreed conditionally to purchase the property described in plaintiff’s petition, and for answer to said petition deny all and singular the allegations therein contained, except as may be hereinafter specially admitted.
“And, further answering, aver that it is not true that the title tendered to respondents is legal, good, or merchantable, but that the fact is that the same is invalid, null, and void, and suggestive of future litigation, for the following reasons, to wit: First, that the purpose of the proceedings had under Act No. 25, p. 47, of 1878, in the succession of Mrs. Edward Rau (No. 72,489 of the docket of this court), was not to effect a partition of the property, but, as appears by the petition and the recommendations of the family meeting held therein, was a sale made of said property for speculation of the minor’s funds, that no advantage thereby accrued to said minor, it being the policy of the law that minors’ ownership in real estate should be held intact until their majority, unless the sale, or alienation thereof is imperatively necessary, and respondents specially aver that said real property is in that section of the city which is constantly advancing in value, and is at the date of the filing of this answer worth fully or over twice as much as it was at the date of the pretended sale.
“Second. That Alfred Upton, uncle, and James Rau, brother, of the minor Gertrude Rau, and co-owners with said minor in said property, declared their unwillingness to hold said property in common with said minor, and prayed for a partition thereof, and yet, notwithstanding such adverse interest, both said Alfred Upton and James Rau were selected and acted as members of the family meeting which advised the partition of said property; that the composition of said family meeting is therefore null, and any proceeding's predicated therein are likewise null.1
“Third. That no experts were appointed by this honorable court to determine whether or not said property was divisible in kind, and if a partition was really necessary (which is denied), respondents aver that a partition in kind could have been effected, and that therefore the partition by sale was illegal and void.
“Fourth. That the partition proceedings were conducted in tbe matter of the succession of Mrs. Edward Rau (No. 72,489, Division E), and that court was absolutely without jurisdic *695 tion for the reason that the property herein partitioned was inherited by the partitioned in the succession of the minor’s grandmother, Mrs. John Mercer (No. 72,481, Division A of this court), and the partition should have been had in the matter of the succession of Mrs. John Mercer, or, if that succession was closed, by an independent suit.
“Fifth. That the succession of Mrs. Edward Rau consisted of seven pieces of property, and that it was attempted herein to partition only three thereof; that a partition of a succession consists of the partition of all the assets thereof, in order that the active and passive mass may be calculated and a correct division made, and that there exists no authority in law for the partial partition of a succession; and respondents specially aver that the amount of property sought to be herein partitioned bore a ratio of significant value to the whole, and was therefore null.
“Sixth. That if it be deemed, as appears in the preamble of the petition for partition, that the tutor brought the suit on behalf of his minor ward, then respondent avers his authority to bring this suit was not preceded by the advice of a family meeting and its homologation by the probate court under article 1312 of the Civil Code, and the proceedings are therefore null.
“That your respondent, the Eureka Homestead Society, paid on account of the purchase price of said property on the 24th of August, 1906, the sum of $225, which has been retained by the said plaintiff herein since that date, and that same should be returned to your respondent with interest thereon.
“Wherefore respondent prays that plaintiff’s petition may be dismissed at its costs, and that this court may be pleased to decree that your respondent be relieved of complying with the agreement to purchase said property made on or about the 24th day of August, 1906, and your respondent, the Eureka Homestead Society, do have and recover judgment against the said plaintiff herein for the full sum of $225, with legal interest from August 24, 1906, until paid and for costs and for general relief.”
On trial, the following agreement was entered into between counsel:
“First. That the real property herein involved was purchased by the said Carrollton Land & Improvement Company in 1904, and that it paid a fair market price therefor.
“Second. That said property is in a section of the city where property values are constantly increasing, and that the value of the real property herein involved has increased, and is still increasing.”
From a judgment in favor of plaintiff, defendant had appealed.
Alfred Upton and Helen Upton were the children of Mary E. Waters and Issue of her-marriage with Wheelock S. Upton. Her husband dying, she married John Mercer. She-died in -. Her daughter, Helen, married Edward Rau, and died before her mother, leaving ,two children, James Rau anct Gertrude; the latter a minor.
On the 15th of January, 1904, an inventory was made in the succession of Mrs. John Mercer under order of division A of the civil district court.
On the 26th of January, 1904, the judge-of that .division recognized Alfred Upton (the son of Mrs. John Mercer, issue of her-marriage with Wheelock S. Upton) and James Rau and Gertrude Rau, the children of her daughter, Helen Upton, as the heirs-of Mrs. John Mercer, and sent them as such into possession of all of her property. On January 13, 1904, Edward Rau filed a petition in the civil district court, in which,, after reciting the death of his wife, Helen Upton, and that she had left two children,. James Rau, and Gertrude Rau, -a minor, he prayed that an inventory be made of the-property of her succession, and that he be-appointed and confirmed as natural tutor of the minor. The application was allotted to division E of the civil district court. The-judge of that division ordered the inventory prayed for to be made, and, after its completion and registry of the inventory ordered, he appointed the applicant tutor of the minor Gertrude, and letters of tutorship were issued to him as such. By judgment of the same judge, James Rau and GertrudeRau were recognized as heirs of their mother and as such were sent into possession on-the 26th of January, 1906.
On May 20, 1904, a petition was filed im the civil district court in the name of Alfred Upton, James Rau, and Gertrude Rau,,. represented by her father and tutor, Edward. Rau, in which it was alleged:
That the minor, together with the pe *697 titioners, Alfred Upton and James Rau, were •owners in common in the proportion of one-half to Alfred Upton and one-fourth to James Rau. and one-fourth to the minor, Gertrude Rau, of certain described property (lots 8, 9, 10, of square 122, formerly square 37A), as would appear by a decree rendered in the matter of the succession of Mrs. John Mercer on the 26th of January, 1904.
That petitioners, Alfred Upton and James Rau, were unwilling to remain any longer .as co-owners in indivisión with their co-proprietor of the said minor; that they desired to effect a partition, hut that said property was not divisible in kind, and a sale thereof was necessary to effect a partition among petitioners as co-owners of same as set forth.
That the Carrollton Land & Improvement Company, Limited, had offered to purchase the undivided one-fourth interest belonging to the minor, Gertrude Rau, in and to the properties firstly and secondly described, for the price and sum of $378.75, said offer being based upon a valuation of $1,515 for the whole of the said property, and that R. J. S. Osborne 'had offered to -purchase the property thirdly described for the price and sum of $250, being the sum of $62.50 for the undivided one-fourth interest of the said minor, Gertrude Rau, in and to said property, and that said several above-detailed offers to purchase were upon cash terms.
Petitioners further represented that the acceptance of the above several offers to purchase said property for the price and upon the terms stated would result to the great advantage and profit of the minor, Gertrude Rau; but that said several offers to purchase as stated could not be accepted, nor could any private sale be made for the purpose of effecting a partition without the advice of a family meeting.
In view of the premises, they prayed that a family meeting in behalf of the minor, Gertrude Rau, be convened to deliberate upon the subject-matter of the petition, and to advise whether it was to the interest and advantage of the said minor that the said described property be sold at private sale, for the purpose of effecting a partition, and also to appraise the said properties and fix the terms and conditions of sale, and also to determine whether the offer to purchase made by the Carrollton Land & Improvement Company, Limited, and by R. J. S. Osborne, should be accepted; said family meeting to be composed of the following named persons, or any five of them, to wit: Alfred Upton, uncle to said minor; James Rau, brother of said minor; Christopher Pfeifer, cousin to said minor; Louis Pfeffer, cousin to said minor — being all the male relatives of said minor within the circle prescribed by law and residing in the parish of Orleans. That Joseph Fritz, Theodore Niemann and Frank West, friends of said minor, also residing in said parish, be also appointed as members to compose said family meeting should a sufficient number of the above-named relatives not appear after due notification to act as members of said family meeting, and that Jules Rau, the duly appointed and qualified undertutor of said minor, be notified to attend the deliberations of said family meeting. Petitioners prayed for all further orders and decrees, and to that end for all general and equitable relief.
This petition was filed in division E of the civil district court in which the succession of Mrs. Edward Rau was opened and by whose judge the tutor of the minors had been appointed and confirmed.
On reading this petition, the judge of the division ordered the family meeting prayed for to be convened by and held before William Renaudin, notary public, for the purpose of deliberating and advising upon the matters and things concerning the interests of the minor, Gertrude Rau, as *699 set forth therein. The family meeting was ordered to be composed of the relatives and friends of said minor, or of any five of them, to wit: Alfred Upton, nncle; Christopher Pfeffer, cousin; Louis Pfeffer, cousin; James Rau, brother to said minor; and Joseph Fritz, Theodore Niemann, and Frank West, friends of said minor — and the under-tutor, Jules Rau, of the minor, was ordered to be notified to attend the deliberation of said family meeting.
On the 20th of May, 1904, the family meeting so ordered to be convened was held before William Renaudin, the notary designated, and was duly and legally organized with Alfred Upton, Christopher Pfeffer, Louis Pfeffer, James Rau, Joseph Fritz, Theodore Niemann, and Frank West members thereof. The notary public, having administered to them, read the petition which had been filed and the order of the judge therein, and submitted for their deliberation the matter and things contained in the petition. The family meeting, after deliberation, declared that in their opinion it was for the best interest and evident advantage of the minor that the real estate described in the petition, and which was described in the proceedings of the family meeting, should be sold at private sale, in order that a partition might be effected between said minor and her co-owners named in the petition; said property in their opinion being indivisible in kind for the reasons set forth in the said petition, and because a sale thereof might be made more advantageously to the Carrollton Land & Improvement Company, Limited, and R. J. B. Osborne, than to any other purchaser or purchasers, and a sale at public auction would incur great costs and expense to said minor, and was therefore inadvisable and unnecessary. 'The meeting recommended that the properties be sold at private sale -to the parties named, in order to effect said partition for not less than the prices named.
Jules Rau, the undertutor of the minor, attended the deliberations of the family meeting, took cognizance of the result thereof, and approved the recommendations made- and advice given. The procés verbal of the-family meeting was duly signed by all the members of the family meeting, the under-tutor, the proper witnesses, and the notary-public.
A duly certified copy of the proceedings, was submitted to the judge of division E by the tutor of the minor, who, in a petition accompanying the same, prayed for their homologation and for authority to carry out the-recommendations and advice therein contained. The judge of division E approved and homologated the proceedings and granted the-authority prayed for.
It is stated in plaintiff’s brief, and not denied, that the properties referred to were-subsequently sold to plaintiff corporation. That the minor’s tutor received her share of the price of the sale; that the buyer took possession, and the matter was closed.
Under an agreement between the parties, defendant purchased this property subject to» the condition that the title thereto was good and valid.
We see no ground for objection that the application for the sale was submitted to division E of the civil district court. The mother’s succession was opened in that division,, and the minor’s tutor was approved by the judge thereof. The question raised does not affect the jurisdiction of the civil district-court. Its divisions are simply branches of the court. There is no good reason why division E should not have taken charge of' the succession of Mrs. Rau and of the property of the minor as her heir. There were and are no rights of creditors involved. By judgment of the judge of that division, the' succession of the grandmother had been closed, and her heirs put in possession. That division had no further duties to perform. Though the placing of the heirs in possession. *701 did not alter the tenure by which they held the property, it placed the parties in position to adjudicate their rights in the division having jurisdiction over the succession of the mother and the rights of the minor. The origin of the title of the property asked to be sold was at that time a matter of no moment. Civ. Code, art. 885. It is too late for the purchaser from plaintiff to question the right of the parties to have submitted matters to the judge of division E. Byrnes v. Byrnes, 38 South. 991, 115 La. 275.
We do not think the mere form by which the parties brought before the court the orders to be given and the questions which were to be determined affected the legal situation. It would have been more regular for the uncle and the brothers to have appeared alone as the petitioners in the case, and to have prayed that the tutor be cited as a defendant to answer, and thereupon to have placed his pleadings upon a separate sheet of paper, but the actual facts appear on the face of the petition.
Applications of the same character as the present have successfully passed the scrutiny of the court. Duruty v. Musacchia, 42 La. Ann. 362, 7 South. 555; Bruhn v. Freeman’s Building Association, 42 La. Ann. 481, 7 South. 556; Dauterive v. Shaw, 47 La. Ann. 890, 17 South. 345.
The uncle and the brother advance .their right to have the indivisión existing between themselves and the minor brought to an end through certain legal proceedings which they invoked. The tutor admitted that they were entitled to the relief which they sought, and concurred as to the advisability of the course which was asked to be followed; but he, recognizing that he himself was without legal right to give consent in the premises, and that proceedings of a family meeting would be necessary, and an order of the court rendered thereon, prayed accordingly. The demand of the uncle and brother as plaintiffs fixed the question of the right to demand a partition; the tutor occupying forcedly the-position of a defendant, whether he appeared formally as such or not. The deliberations and views of a family meeting could not shape matters in that respect. It would' have been utterly idle to have called a family meeting to deliberate upon a matter over-which parties other than the tutor and they themselves had control. The judgment rendered by the court was not a court decree, though the tutor and the family meeting-had no objection to it. Succession of Yon; Hoven, 48 La. Ann. 623, 19 South. 766.
Defendant urges that the fact that Alfred Upton, the minor’s uncle, and James Rau, her brother, were members of the family meeting, whose deliberations and recommendations served as the basis of the court’s order to sell the property, carried with it the nullity of the proceedings, as their interests were in conflict with those of the minor. In support of this position, article 283 of the-Civil Code is referred to. That article declares that:
“Any person who shall have interests conflicting with those of a minor in any matter in. which a family meeting may be necessary, shall; be incompetent to be a member of said family meeting, although he be one of the nearest relatives.”
It will be seen that. incompetency results from the conflict of interests. We do not think that, touching the thing sought to be-done in this particular matter, the interests of the uncle and the brother were in conflict with those of the minor. The sale was-not to be made to either one or both of them, but to a third person, in whom neither they nor the minor had any interest. The fact that the parties had different interests did not make them conflicting. In respect to-that matter, counsel of plaintiff says:
“Their interests so far from being adverse were wholly harmonious with those of the-minor; what benefited her benefited them.”
It was to the interest of all the owners to get the highest price for the common *703 property. It is admitted by the defendant that the price at which the property was ¡sold was its fair market price.
The major co-owners got no advantage that .the minor did not get also. Their interests were not adverse to the minor’s. They were relatives, and the law requires their presence at the meeting. Raguet’s Heirs v. Barron, 6 Mart. (N. S.) 659; Brigot v. Brigot, 49 La. Ann. 1432, 22 South. 641; Weil v. Schwartz, 51 La. Ann. 1547, 26 South. 475.
In Byrne v. Byrne, 38 South. 999, 115 La. 275, this court, referring to an objection that one of the members of a family meeting which had advised a sale was incompetent to act as such, said:
“The proceedings of the family meeting were ■on application of the curator representing the interdict, approved and homologated. They wex'e filed -as part of the evidence in the case .and acted on when admitted. The objections, under such circumstances, interposed after the ■sale had taken place under an order of the court, and after third parties had acquired rights on the faith of the correctness and validity of the proceedings, came too late.”
In Dauterive v. Shaw, 47 La. Ann. 899, 17 South. 346, this court said:
“We do not think that the proceedings of ¡a family meeting and the judgment of homologation on which a third party has bought and paid the px-ice can be avoided on this ground [the ground set up in that case]. Our jurisprudence, we think, maintains titles of pur■chasers in good faith based on judgments homologating the proceedings of family meetings directing sales of minors’ property.”
See Lalaunes Heirs v. Moreau, 13 La. Ann. 421; Succ. of Jacob Hawkins, 35 La. Ann. 593.
It is contended by defendant that the court ■ordered the property without the fact having been established that a partition in kind ■could not be made. In the Dauterive Case, it was urged that the property sold was divisible in kind. Answering the objection, that court said:
“It is, we think, the province of the meeting -to consider that and all other questions touching the advantage vel non of the sale. Their action, when approved, must be accepted as conclusive.”
The point is raised by defendant that a partial partition of a succession cannot be insisted upon and Succession of Maguire, 112 La. 76, 36 South. 231, is referred to as authority. In that case one of the heirs resisted the making of a partial partition, insisting that the succession should be partitioned as a whole. In this case all the parties in interest agree to the partial partition. It is a third person who objects after a partial partition has in fact been made and rights of third parties have become vested. We think the proceedings which have taken place will protect the purchase made by the plaintiff, and that is the extent of the defendants’ interest in the matter. We find no ground for reversing the judgment, and it is hereby affirmed.