SOMMERVILLE, J.
Plaintiff alleges that he inherited a one-fourth interest in lots 3, 4, and 5 in square bounded by Lafayette avenue, Third, Fourth, and Lavoisier streets, in Gretna, and a one-eighth interest in three tracts of land, on the right bank of the Mississippi river, all in the parish of Jefferson, from his mother and father, and that he is the owner of same.
I-Ie further alleges Wm. P. Marrero, defendant, is in illegal possession of same under titles which are defective in many enumerated particulars, and that the proceedings for the sale of his property showed fraud and nullity on their face, and that defendant was not a purchaser in good faith.
He asked that the two sales to Marrero, made at different times, be declared null and void, and that he be recognized as the owner of one-fourth of the one and one-eighth of the other property, in indivisión.
Defendant answered that he had acquired the two pieces of property at two separate judicial sales, in good faith, and for a valid consideration in each instance. He pleaded the prescription of one, three, five, and ten years, and asked that plaintiff’s suit be dismissed.
There was judgment for defendant, and plaintiff has appealed.
[1] The record contains no evidence in support -of the allegation of fraud. It appears to have been abandoned.
With reference to the three lots of ground, numbered 3, 4, and 5, located in Gretna, plaintiff alleges: That they were sold at the instance of his major brother, “Philip Edward Pried, styling himself individually and as dative tutor of the minor, Tobias Pried,” who represented that he and his brothers and sister, including the minor, Tobias Pried, the present plaintiff, were owners in indivisión of the property, that they were all unwilling to longer hold same in common, that a partition was necessary, and prayed for the convoking of a family meeting to decide whether or not the property should be sold to effect a partition. That the family meeting was held, recommended the sale, and the recommendations were approved by Andrew G. Gugel as undertutor.
Further, that plaintiff’s brother and sister answered the petition consenting to the sale, and an order was accordingly issued, authorizing Philip Edward Pried, dative tutor, to sell the property including petitioner’s interest, at private sale, with the stipulation that if it was not sold at private sale within 30 days that it should be sold at public auction. That it was not sold at private, sale within the time stipulated, and that it was *781 subsequently, October 31, 1903, adjudicated to defendant at public sale.
That all the proceedings leading up to the sale were null, for the reasons: That P. E. Fried was not the tutor of petitioner; that he was not represented at the family meeting ; that P. E. Fried was a co-owner of the property, with a conflicting interest, and could not represent petitioner; that the judgment of partition was a consent judgment, which was rendered against him, an unrepresented minor; that there was no evidence that the property was indivisible in kind; and that no petition asking for a partition of the property was ever filed or presented in court.
Several points not presented in the pleadings were argued orally and on brief, but they cannot be considered.
A petition for the partition of the property was filed in the Twenty-Eighth judicial district court, March 9, 1903, by Philip Edward Pried, individually and as dative tutor of the minor, Tobias Fried, the present plaintiff. The brother and sister of plaintiff answered the partition suit, admitted that the property could not be divided in kind, and that it should be sold to effect a partition. These pleadings are in the record.
The record also contains the appointment of Philip Edward Fried as legal tutor of the minor, Tobias Fried, February 8, 1902; his bond, of date February 20, 1902; his oath, of date February 24, 1902; and his letter of tutorship, of date February 24, 1902.
Andrew G. Gugel took his oath of office as undertutor October 10, 1900. Plaintiff’s allegation that Mr. Gugel had been removed from office by judgment of this court, in Succession of Fried, 106 La. 276, 30 South. 839, is made in error. The appointment of T. E. Rhodes, as tutor, wás involved and set aside in the judgment; but the appointment of Gugel as undertutor was not submitted to the court for consideration.
And Philip Edward Fried, as dative tutor, and Andrew G. Gugel, as undertutor, attended the several family meetings mentioned in plaintiff’s petition.
As to the lack of proof of the indivisibility of the property partitioned, it is sufficient to say that one of the major heirs alleged in his petition that it was indivisible, the two remaining majors admitted it to be indivisible, and the family meeting had the matter under consideration and recommended that it be sold to effect a partition. These proceedings were approved by the court, and it is now too late to consider them.
[2] P. E. Fried, the dative tutor, was a co-owner in indivisión with the minor, Tobias Fried, of the property which was partitioned; but their interests did not conflict in any way (Succession of Fried, 106 La. 276, 30 South. 839; Carrollton Land & Imp. Co. v. Eureka Homestead, 119 La. 692, 44 South. 434), and no good reason was shown why the dative tutor of the minor could not represent the minor in the partition suit. It is true that the coheirs of the minor, in their answer, consented to the partition; but, considering the nature of the suit and that the interests of all parties were identical, and that they all asked for the same relief against one another, the judgment was not such a consent judgment as to be a nullity. Really, all parties were both plaintiffs and defendants. There was no contest.
The dative tutor may not have been properly authorized to file the partition suit on behalf of his minor ward; but the want of authority was not pleaded.
Turning now to the consideration of the three tracts of land, secondly referred to, plaintiff alleges as nullities in the title acquired by defendant, Marrero, September 6, 1902, that Philip Edward Fried, brother of petitioner, was appointed dative tutor to petitioner February 8, 1902, but that he did not qualify by giving bond until a subsequent date; that in the meantime, April, 1902, Philip E. Fried petitioned the court as da *783 tive tutor of petitioner, asking for the sale of the property of the successions of defendant’s father and mother to pay the debts of those successions, and that a family meeting be convened to deliberate on and to recommend the necessity for the sale; that said meeting was held and the sale of all of the property of those successions was recommended; that these recommendations were approved and homologated; and that the property was sold to defendant, Marrero.
Further, that Philip E. Fried, being a co-owner with petitioner, could not represent the latter, and that their interests conflicted; that Philip E. Fried, while acting as dative tutor to petitioner, served as a member of' the family meeting; that petitioner was not represented by an undertutor; that Andrew G. Gugel was without authority to act as undertutor; that Philip E. Fried was not authorized to institute proceedings for the convocation of a family meeting; and that the proceedings of the family meeting were not properly signed or witnessed, or approved by petitioner’s undertutor.
Further, that the order to sell the movable and immovable property of the successions of Mr. and Mrs. Fried to pay debts was illegal, as the movable; property should have been ordered to be sold first, and the proceeds thereof would have been sufficient to pay the debts.
It has been already seen that Philip E. Fried was appointed, and that he' was timely qualified, as dative tutor of the minor, Tobias Fried, and that A. G. Gugel qualified as undertutor.
[3-5] The record shows that the dative tutor was administering the succession of his father and mother, and that all parties in interest were represented in the proceeding. His petition to sell the property of the succession to pay debts was therefore legal. Childs v. Lockett, 107 La. 270, 31 South., 151; Succ. of Keppel, 113 La. 246, 36 South. 955. The court had jurisdiction; and the purchaser at the sale of the property was not required to look beyond the decree recognizing the necessity for the sale. Clarkston v. Vincent Co., 32 La. Ann. 613; Granger v. Hebert, 121 La. 1045, 46 South. 1012. The petition of the dative tutor was concurred in by all of the major heirs, and, as he was acting for all parties in interest, it was unnecessary for him to have convoked a family meeting to deliberate upon the proposed sale of the minor’s interest. A family meeting was, nevertheless, convoked, and all informalities in those deliberations, such as that the tutor was one of the members of said meeting, that the deliberations were not properly signed or witnessed, that movable property should have been sold first, etc., are cured by the lapse of five years, pleaded by defendant. Defendant accepted title to the property, he acted in good faith, and the minor cannot at this late date urge the invalidity of the title for informalities. C. C. art. 3543.
Judgment affirmed.