## No. 7829.

### WIDOW AUGUSTINE HOLT ET AL. VS. BOARD OF LIQUIDATORS OF HART & HÉBERT.

The Congress of the United States had no power to enact rules of judicial proceedings and evidence for the trial of causes in the State courts, and, to that effect, to declare that no written instrument should be received in evidence unless it were stamped. The Decision in Pargoud vs. Richardson, 30 An., 1286, affirmed.

Citation addressed to the wife and husband to assist her, and served upon the wife in person, is legal.

Failure to serve notice on defendant, of judgment rendered against him by default, is one of the informalities which are cured by the prescription of five years.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *McVea*, J.

*Henry Avery* for Plaintiffs and Appellants:

Upon all questions as to the effects, scope and constitutionality of a law of Congress, it is the decision of the United States Supreme Court alone that settles the law (7 R. 219 ; 22 An. 507) ; that tribunal having held the provisions as to stamps in the Internal Revenue laws of 1864-66-67 applicable to State as well as Federal courts, all conflicting decisions of State courts are null and void.

Under C. P. 182, a single citation for wife and husband is valid if served upon the husband, for he represents, under our laws, both himself and wife. It is invalid if served only on the wife, for she represents only herself.

The notice of seizure served upon Mrs. Holt did not cure the want of notice of seizure upon her co-proprietor, Joseph N. Young. 28 An. 749.

Want of notice of judgment was not cured by the prescription of five years. 29 An. 557, Marbury and Crosley vs. Pace.

*S. P. Greves, Favrot & Lamon,* and *Herron, Bird & Beal* for Defendants and Appellees.

43

The opinion of the Court was delivered by

POCHÉ, J.   Plaintiffs allege that they are the lawful owners of lots 8, 9 and 10 in square No. 4, Devall Town, in the city of Baton Rouge, alleged to be in the unlawful possession of defendants, and also allege the absolute nullity of several judgments and public sales made thereunder, and forming the chain of titles under which defendants hold the property as owners.

Defendants, after pleading the prescription of five years against the alleged informalities in the various proceedings under which they acquired title, set up a chain of titles which will be best understood by a statement of the facts underlying the controversy.

Lots No. 8 and 9 were acquired in April, 1859, by Henry A. Castle, who was then the duly qualified natural tutor of his five minor children. Lot 10 was acquired in indivision by the said Castle and A. M. Kean in June, 1859; and in September of the same year Castle became the sole owner of the three lots, which became affected with the tacit mortgage of his minor children, to each of whom he owed the sum of $3426 04, as shown by an account of his tutorship, which was homologated on the 7th of April, 1866.

In the meantime, however, Castle had sold the three lots, which became the joint and undivided property of Mrs. Augustine Holt, then the wife of Jordan Holt, and Joseph N. Young, on the 24th of November, 1860.   Now, in 1866, in the suit of Nathan and Lavinia Castle, who had been fully emancipated by a judgment of a competent court, against their father, H. A. Castle, a judgment was rendered in their favor, recognizing and enforcing their tacit mortgage, to date from the tutor's qualification, on the three lots of ground then owned by plaintiffs.

In execution of this judgment Nathan and Lavinia Castle instituted the hypothecary action against Mrs. Holt and Young, which suit culminated in the sale, under execution, of this property, which was adjudicated to Nathan and Lavinia Castle on the first of August, 1868, for $4435.

Sometime after this occurrence, H. A. Castle, as tutor of his three other children, brought suit in their behalf for the purpose of enforcing their tacit mortgage against this identical property, and under a judgment in their favor, the three lots of ground were seized and sold by the sheriff to F. E. Hébert, for $3000, on the 6th of February, 1869.

With the exception of a portion of two of the lots which he sold to Henry Jones and Chas. Wricks, Hébert, as a member of the firm of Hart & Hébert, in a voluntary surrender, conveyed this property to the defendants as agents of creditors of said firm.

Defendants' titles were recognized by the lower court, from whose judgment plaintiffs have taken the present appeal.

Holt et al. vs. Board of Liquidators of Hart & Hebert.

1st. Among the formidable array of objections and alleged irregularities which are leveled at defendants' title, we find plaintiffs urging the nullity of the judgment emancipating Nathan and Lavinia Castle, of the judgment obtained by them against their father, and of the judgment in their hypothecary action against Mrs. Holt and J. N. Young, on the ground that United States internal revenue stamps had not been affixed to the petitions in the first two cases, and that in the latter, the judgment had been predicated upon important documents admitted in evidence without the essential stamps.

In disposing of these objections we indulge the hope that this question will never more be the subject of judicial investigation in this State.

The Bench and Bar should both congratulate our immediate predecessors for having permanently eliminated from the field of legal discussion this harrassing and vexatious question, usually invoked in the defense of weak and desperate causes. In their masterly opinion in the case of Pargoud vs. Richardson, 30 An. 1286, they held that the Congress of the United States, in the exercise of its unquestioned right to levy and collect taxes, had no power to enact rules regulating judicial proceedings, and the competency of evidence upon the trial of causes in State Courts; and that Congress had, therefore, no authority to declare that a written instrument of any kind shall not be received as evidence in a State court, unless it is stamped; such a restriction appertaining alone to the legislative authority of the State.

This doctrine, which had been previously maintained in the highest tribunals of several States of the Union, meets with our unreserved approbation, and commends itself to the legal mind as a wise and judicious solution of a problem which had for years perplexed the profession and hampered judicial proceedings.

Plaintiffs' objections on that score have, therefore, no force.

2d. Plaintiffs next allege irregularities in the proceedings instituted, the judgment rendered, and the sale made in the case of H. A. Castle, Tutor, vs. Nathan and Lavinia Castle. But these proceedings are subsequent to the date of the seizure of their property in 1868. If that sale was valid, and plaintiffs thereby expropriated, we conceive that they have no concern as to the future fate and disposition of property which had ceased to be theirs.

Their rights or titles must be tested under the sale of August, 1868, and cannot be affected by any subsequent proceedings between other parties who are not before the Court.

3d. The alleged nullity growing out of the want of citation on Mrs. Holt's husband in the hypothecary action, is answered by the record, which shows that the citation was addressed to "Mrs. Augustine Holt, wife of Jordan Holt, and the said Jordan Holt to assist and authorize

her," and that it was served on Mrs. Holt in person, which complies with the requirements of the law. C. P. Art. 192.

4th. The record also, and in the same manner, negatives the asser- tion that no notice of seizure was served on Mrs. Holt in the same case.

5th. The other alleged irregularities, such as the failure to serve on Mrs. Holt a notice of the judgment rendered against her by default and other informalities, are cured by the prescription of five years.

C. C. Art. 3543; 21 An. 587; 29 An. 534, Fraser vs. Zylicz.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed with costs.

Rehearing refused.