found by the grand jury, and was presented to the court."

[1] A judgment may be arrested only for an error appearing on the face of the record, and an objection which must be established by extrinsic proof is not a good ground for a motion in arrest. Section 224, 8 R. C. L. p. 228; section 45, 14 R. C. L. p. 202; 12 Cyc. 759.

[2] The motion in arrest was properly overruled. There was no error on the face of the record at the time that the motion in arrest of judgment was filed and heard.

The court permitted evidence going to show that the minute clerk had neglected to enter the report of the grand jury on the day that it was made in court; and that, discovering the omission, the minute clerk inserted the report on a day subsequent thereto, but prior to the day of the trial of the defendant.

In the absence of an allegation of fraud or intentional wrong on the part of the minute clerk in thus correcting the minutes, no evidence should have been allowed on the hearing of the motion in arrest.

The action of the minute clerk in correcting the minutes was not regular, or done under the direction of the judge; but the judge has indirectly approved the correction in disposing of the motion in arrest, and that makes the entry on the minutes entirely regular.

The judgment appealed from is affirmed.

=====

(84 South. 515)

No. 22011.

## WINN v. STRICKLAND.

(May 3, 1920.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error** �køⁿⁿ1106(4)—**Case remanded for determination of questions, not passed on.**

Under Code Prac. art. 895, providing that the Supreme Court can only exercise its juris-diction in so far as it has knowledge of matters argued or contested below, where the contention that defendant, a married woman, was not authorized to stand in judgment was not contested, argued, or decided in the district court, but was first made in the briefs on appeal, the case will be remanded to the district court to determine whether authorization was required and, if so, whether it was given by the husband or by the judge.

2. **Husband and wife** ⊫203—**Procedure to authorize married woman to stand in judgment stated.**

In a suit against a married woman if authorization to her to stand in judgment is essential and not granted before she answered, the husband should be cited to show cause why he should not appear and grant such authorization, and, if deemed necessary, the judge himself should grant the authorization.

3. **Husband and wife** ⊫203—**Case reopened, but not dismissed, on judgment against wife not authorized to defend.**

If defendant, a married woman, was without authority to defend a suit in which judgment was recovered against her, the case should be reopened to allow her to make any defense of which she was legally deprived, but the suit should not be dismissed merely for want of authority to stand in judgment.

Provosty, J., dissenting.

Appeal from Fifteenth Judicial District Court, Parish of Jefferson Davis; A. M. Barbe, Judge.

Action by Hezekiah Winn against Mrs. Dorothy Strickland. From a judgment for plaintiff, defendant appeals. Judgment annulled and case remanded.

McCoy & Moss, of Lake Charles, for appellant.

Modisette & Adams, of Jennings, and Cline & Bell, of Lake Charles, for appellee.

O'NIELL, J. Plaintiff sued to have decreed null, as a mere simulation, a sale that he had made to defendant of the undivided half of a tract of land containing 367.37 acres in Jefferson Davis parish. He prayed, in the alternative, and in the event the sale

should be declared valid, that he be given judgment for the purchase price, $5,000, with interest, and with recognition of the vendor's lien on the property; and in that event, he prayed that the usufruct or life estate which he had reserved in the sale should be also recognized. He prayed also for judgment for a large sum as damages.

Plaintiff alleged that the defendant and her husband, Learcus Strickland, were residents of the state of Tennessee; that it was necessary that Learcus Strickland should be made a party defendant, to authorize his wife to defend the suit and to stand in judgment; and that, as Learcus Strickland was then absent from the state of Louisiana, the judge should grant an order authorizing Mrs. Strickland to be sued and to stand in judgment. Plaintiff prayed for service of citation not only upon Mrs. Strickland but also upon her husband, to appear and authorize her to defend the suit. It does not appear that the judge issued an order authorizing Mrs. Strickland to defend the suit or to stand in judgment. The citation, however, was addressed "to Dorothy Strickland, wife of Learcus Strickland, and Learcus Strickland, to authorize his said wife"; and the citation and copy of the petition were served upon Mrs. Strickland in person. A supplemental petition was filed by plaintiff, and the attorneys of Mrs. Strickland accepted service of it; but, apparently in error, they signed as attorneys for "Pltff." The same attorneys filed an answer to the suit, for Mrs. Strickland, without any complaint or suggestion that her husband had not been cited, or that she was not authorized to defend the suit, or that it was necessary that she should be specially authorized either by her husband or by the judge.

The case was tried upon its merits, and judgment was rendered allowing only plaintiff's alternative demand; that is, he was decreed entitled to the life estate or usufruct on the property that he had sold to Mrs. Strickland, with the right to have the title revert to him if Mrs. Strickland should die during his lifetime.

Mrs. Strickland appealed from the judgment; and, in the briefs filed in this court, her attorneys contended, for the first time, as far as the record shows, that appellant's husband was not cited to appear in the district court, and that she was not authorized to defend the suit or to stand in judgment. The attorneys also filed in this court, more than two years after the transcript had been filed, an affidavit signed by appellant's husband, saying that, after the judgment was rendered in the district court, he had authorized his wife to take an appeal, to sign the appeal bond, and to prosecute the appeal in the supreme court. We assume that the purpose of the affidavit was to prevent a dismissal of the appeal, without acknowledging that Mrs. Strickland was authorized to stand in judgment before the judgment appealed from was rendered.

On the original hearing of the appeal, it was the opinion of a majority of the members of the court that Learcus Strickland should have been made defendant in the suit, not merely to authorize his wife to defend the suit and to stand in judgment, but to defend the suit himself as head and master of the matrimonial community. The judgment appealed from was therefore annulled and set aside, and plaintiff's suit against Mrs. Strickland was dismissed at his cost. The decree of this court was set aside by the granting of a rehearing, applied for by plaintiff, appellee.

## Opinion.

Having reconsidered the matter, we have concluded that plaintiff, appellee, is entitled to have a final judgment rendered, one way or the other, upon the merits of his case, if Mrs. Strickland was authorized to stand in

judgment, or if, under the circumstances, she did not require special authorization from either her husband or the district judge.

Plaintiff relies mainly upon articles 182 and 192 of the Code of Practice, as interpreted in Holt v. Board of Liquidators, 33 La. Ann. 673, and in Whiteside v. Lafayette Fire Insurance Co., 143 La. 679, 79 South. 218, in support of the proposition that, in a suit against a married woman, service of citation upon both her and her husband may be made by delivering to either the husband or the wife only one citation addressed to both of them, if they be not separate from bed and board. Plaintiff also contends that the statutes declaring that a married woman cannot stand in judgment without the authorization either of her husband or of the district judge are personal statutes, enacted for the protection of resident married women only, not nonresidents. And he contends that, since the enactment of the Act No. 94 of 1916 (p. 212), even a resident married woman does not require special authorization by either her husband or the district judge, to enable her to defend a suit having reference to her separate property.

[1] The questions thus raised were not decided by the district judge, because they were not contested or argued in the district court.

"The Supreme Court can only exercise its jurisdiction, in so far as it shall have knowledge of the matters argued or contested below." Code of Practice, art. 895.

[2, 3] It is therefore necessary that this case be remanded to the district court, to determine whether Mrs. Strickland required special authorization by either her husband or the district judge, to defend the suit and to stand in judgment, and, if it be determined that she did need such authorization, then to determine whether she was in fact so authorized either by her husband or by the district judge. If the district judge concludes that such authorization was essential and

was not granted before Mrs. Strickland answered the suit, the judge will order defendant's husband cited to show cause why he should not appear and authorize her to defend the suit and to stand in judgment; and, if deemed necessary, the judge himself will grant the authorization. If the defendant was without authority to defend the suit, the case should be reopened to allow her to make any defense that she may have been illegally deprived of. In no event, however, should plaintiff's suit be dismissed merely for want of authorization of the defendant, either by her husband or by the district judge, to defend the suit and to stand in judgment. For the purposes stated, it is necessary that the judgment appealed from be set aside.

It is therefore ordered that the judgment appealed from be set aside, and that this case be remanded to the district court to determine whether the defendant had authority to defend the suit and to stand in judgment, and for further proceedings not inconsistent with the foregoing opinion. The question of costs is to await and depend upon the final judgment.

PROVOSTY, J., dissents.