## J. H. MARTIN *v.* W. S. JONES.

The appointment of a tutor by a court of competent jurisdiction cannot be questioned collaterally; such appointment must be avoided by a direct action, or in the mode pointed out by law.

APPEAL from the District Court of Carroll, *Farrar*, J.
    *J. B. & C. T. Bemiss*, for plaintiff and appellant.     *Short & Parham*, for defendant.

VOORHIES, J.    This is an injunction suit. *William S. Jones* was appointed dative tutor to the minor children and legal heirs of the late *Ridden Jones*, whose succession was opened in the parish of Carroll. As such tutor, he obtained a judgment against the succession of the late *R. J. Chambliss* for the sum of $1,217 33 with five per cent. per annum interest thereon, from the 29th of May, 1847, until paid, and costs. A twelve months' bond for the sum of $1,721 34 was given by the defendant in execution in satisfaction of this judgment on the 5th of August, 1854. An execution, issued thereon, was enjoined by the administrators of the estate of *Chambliss*, on the ground that the District Court of Carroll was without jurisdiction to appoint *William S. Jones* as tutor, inasmuch as the minors had removed to the State of Texas, where guardians had already been appointed to them; and hence his appointment and the judgment thus rendered in his favor as such tutor were mere nullities.

*William S. Jones* died shortly after the injunction was sued out. *James A. York* then filed a petition in the District Court of Carroll, setting forth his appointment as guardian of the minors since the death of *Jones*, by one of the county courts of the State of Texas, and prayed to be recognized as such. His prayer was granted on the 12th of May, 1856. Thereupon he made himself a party to the suit and moved to dissolve the injunction, with damages.

There was judgment in his favor dissolving the injunction, allowing him additional interest and damages, and the plaintiffs appealed.

We do not think there is any error in the judgment of the court below. It is clear that the appointment of a tutor by a court of competent jurisdiction cannot be questioned collaterally; such appointment must be avoided or set aside by a direct action or in the mode pointed out by law.

The plaintiff's objection to the admission of the judgment recognizing *York* as guardian was properly overruled. As the validity of that judgment was not in question *York* was clearly not bound to offer the evidence upon which it was rendered.

There is no equitable ground of defence urged by the plaintiffs in this case. On the contrary, the circumstances disclosed by the record have fully convinced us that this injunction was sued out solely for the purpose of obtaining delay. We are, therefore, of opinion that the defendant ought to recover additional damages as prayed for in his answer to this appeal.

It is, therefore, ordered, adjudged and decreed, that the judgment of the court below be amended, by increasing the damages from one hundred and thirty-five dollars to three hundred and forty-two dollars; and so amended, that said judgment be affirmed, with costs.