## SUCCESSION OF REBECCA BOOKTER.

*If a tutor should die, or absent himself from the State after his appointment, another tutor shall be appointed in his place by the competent Judge; and there is no need of a judgment removing him from the tutorship.*

APPEAL from the District Court of Parish of Livingston, *Martin*, J. *D. N. Hennen*, for Watterston. *H. Duncan*, for defendant and appellant.

HYMAN, C. J. A family meeting was convoked, as authorized by the fourth section of the act entitled "An act relative to minors," approved March 15th, 1855, to nominate a tutor (who should not be required to give security), for the minors, George Charles, David and Bernard Watterston, alleged to be the heirs of George W. Watterston and Rebecca Bookter, deceased.

It was convoked, because D. A. Watterston, formerly their tutor, had permanently left the State, and no one would take upon himself the tutorship of the minors, and give security.

The family meeting recommended that William Duncan should be appointed tutor of the minors.

D. A. Watterston opposed the homologation of the proceedings of the family meeting, on the grounds that they were illegal and premature, as he was yet the tutor of the minors, and no judgment had been rendered. removing him from the tutorship; that Duncan was not suitable for the tutorship, that no security was required of him, and that security should be required.

In his, Watterston's opposition, he admitted that he resided in the District of Columbia.

The Judge sustained the opposition of Watterston, and ordered suit to be instituted to remove him from the tutorship.

Duncan has appealed from this judgment of the Court.

The first ground of opposition would have been valid, as no judgment. had been rendered against Watterston removing him from the tutorship, if it were not true that he had permanently removed from the State of Louisiana.

By his leaving the State and by his making his residence in the District of Columbia, he ceased to be tutor of the minors as much so as if he had ceased to exist.

There was no need of judgment removing him from the tutorship.

When such facts became known, it was the duty of the Judge to appoint another tutor in his stead.   See C. C. Art. 298.

No evidence was introduced showing that Duncan was incapable or unsuitable for the tutorship, or that any one would become tutor for the minors, and give security.

It is ordered, adjudged and decreed that the judgment of the lower Court be avoided and reversed, and it is further ordered, adjudged and decreed, that the proceedings of the family meeting be confirmed and homologated.

Opponent to pay costs of opposition, and of appeal.