## No. 8747.

### SUCCESSION OF JACOB HAWKINS.

The capacity of a tutrix cannot be attacked collaterally; neither can that of an under-tutor.

Where proceedings are carried on for the sale of minors' property; in the name of a tutrix, by an attorney-at-law of undisputed authority, and they appear substantially regular and were conducted contradictorily with the under-tutor, a decree of sale from a competent court is protection to the purchaser.

The law does not require that proof be made to the Judge before he grants the order for a family meeting, that there exists a necessity or propriety for the sale. The members of the meeting are a specially constituted tribunal to pass primarily on such issue. Property of minors can be sold when it is unproductive and onerous, for it is then advantageous that it should be disposed of.

Payment of the price to a specially authorized agent of the tutrix is payment to her and concludes the minors.

A PPEAL from the Civil District Court for the Parish of Orleans. Tissot, J.

*Henry P. Dart* for Plaintiff and Appellant:

1. The absence contemplated by Article 46, C. C., which results in the forfeiture of domicile, is an absence without intention to return. This Article must be construed with C. C. 41, 42; 1 Kent, 77, 346, (12th ed.); 2 Ibid. 431, note (b); Acts 1855, p. 331; 33 An. 911; 30 An. 498; 7 An. 408; 13 L. 298; 2 An. 950; 15 An. 638.

2. Under-tutor is competent to represent tutor, under power of attorney in latter's temporary absence; "competency is the rule—incapacity the exception—and the exception must be drawn from the law itself." No law declares him incompetent and the trust does not necessarily conflict with, or its acceptance vacate the office of under-tutor. Hennen's Digest, 853; C. C. 25, 275 *et seq.*; Ib. 314; 10 An. 548; R. S 3828; Acts 1847, p. 115; 1 Wait, Actions and Defenses, 214; 9 An. 355.

3. When a family meeting duly assembled advises a sale of a minor's property, and its reasons for so doing are stated in the process, the order homologating the deliberations and decreeing a sale is properly rendered; in this case proof *aliunde* is offered, which es-

tablishes its correctness. Vacant and inaccessible ground belonging to a succession, which brings no revenue to and is a burden upon the minors' estate, may legally be sold, if such sale be found advantageous to them. C. C. 339; C. C. 286, 291, 339, 340; 16 An. 422; 11 R. 509; 2 R. 418.

*H. E. Upton* and *J. H. Spearing* for Defendant and Appellee:

1. There can be no valid or legal alienation of the property of minors unless all the formalities of law are strictly complied with.
2. The petition for a family meeting, to advise and deliberate upon the expediency of a sale of minors' property, should be filed by one qualified to act, and within the jurisdiction of the court. The under-tutor should be present at the family meeting, and either oppose or approve their deliberations. 10 L. 319; R. C. C. 276; 4 L. 383; 2 An. 941; 23 An. 167.
3. In every succession where there are minors there must be a tutor and an under-tutor. If one could act as agent and representative of the other, there would be no necessity for these two distinct and separate offices under the law. The same person cannot be both buyer and seller. 11 M. 299; 4 N. S. 267; 8 N. S. 165; 9 L. 355, 48; 14 L. 111; 15 L. 394; 18 L. 351; 19 L. 431; 4 R. 205; 6 R. 320; 2 An. 782; 3 An. 533, 582.
4. The utmost good faith required of an agent cannot take position where the principal's interest and his own necessarily clash. 13 An. 18; 2 An. 299; 5 L. 340.
5. The under-tutor cannot act in the dual capacity of agent and attorney in fact of the tutrix and as under-tutor, there being a clash of interests.
6. A voluntary absence of two years from the State forfeits a domicile within the State. R. C. C. 46; 32 An. 681, 687; 9 An. 167.
7. A tutor temporarily absent from the State must in all acts of tutorship be represented by his or her agent. R. C. C. 314.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a proceeding to compel a purchaser to comply with the terms of an adjudication of succession property made to him, under proceedings conducted in the name of the tutrix of the minor children of the deceased.

The defense is, that the title tendered is not good and, therefore, not such as the adjudicatee is bound to accept. In support of that defense it is substantially charged, that at the time of the proceedings there was no tutrix, the widow having lost that official capacity by a voluntary absence of more than two years from the State; that the mother, if tutrix, had no right to delegate her powers to the under-tutor, who, by the mere acceptance thereof, became *functus officio;* that there is no legal order of sale because there was no necessity shown for the sale and there was no under-tutor present at the family meeting.

Averring that he should therefore be relieved from the adjudication and that the five hundred dollars deposited by him as part of the price should be returned, the defendant prays that the demand be rejected and that the succession be ordered to restore and refund to him the sum thus deposited.

I.

The capacity of the tutrix cannot be attacked collaterally. If she

has been guilty of an act for which she should be removed from the tutorship of her minor children, proceedings should be instituted and carried on contradictorily with her. Until this result has been accomplished, her letters of tutorship are full protection to third parties dealing with her in her official capacity.

## II.

It is unnecessary to determine whether or not the tutrix could or not have delegated her powers to the under-tutor. The proceedings for the sale were not conducted in the latter's name, as her agent, but in her own name, by an attorney whose authority is undisputed. The under-tutor is not the one who is to receive the price of sale, for the tutrix had, about the time of adjudication, appointed another person specially to execute the necessary act of sale of the property in question. Payment of the price to that agent will bind her, and conclude the minors, whose interest she represents in the property. Neither is it necessary to state whether the acceptance of those powers by the under-tutor vacated his trust. This can be determined only on a proper issue, regularly presented. The capacity of the under-tutor can, no more than that of the tutrix, be attacked collaterally. As to third parties he continues ostensibly such, until a vacancy occurs, or is provoked and declared.

## III.

It was not necessary to prove to the Judge, before the granting of the order for a family meeting, that there existed a necessity for the sale of the property. The petition contains sufficient averments, which were sworn to by the under-tutor. It is to be presumed that what evidence was necessary or useful to establish the propriety of the sale was produced before the members of the family meeting, who are the tribunal constituted to pass primarily upon such issues. The law directs that, in such cases, the reasons which have induced their conclusions be stated in the *procès verbal* of their deliberations. It sometimes happens, however, that such motives are not explicitly assigned and that the conclusions are briefly stated and simply concurred in by the under-tutor. This is irregular; but the presumption is, that the decision is based on the reasons set forth in the petition for the meeting, as is the case in the present instance. The circumstance that the property yielded *no* revenue, and thus was a burden to the minors, was ample to justify the statement that it would be advantageous to dispose of it.

The attestation of the under-tutor to the *procès verbal* is in due form

and made by one who continues in that official capacity, until displaced in some way or other.

In such cases a purchaser is protected by the decree of the court, if it have jurisdiction, where the prescribed formalities appear to have been substantially fulfilled.

## IV.

The demand of the adjudicatee for the return of the amount deposited is inconsistent, and cannot be reconciled with his previous position. If it be true that the succession, which is solvent and under no administration for the purpose of a liquidation, be unrepresented, for the reason that the mother of the minors has ceased to be their tutrix, how can the adjudicatee ask that the *unrepresented* succession be ordered to return the sum which was deposited as part of the price of sale.

The title tendered is not alleged to be vulnerable in other respects. The objections urged are insufficient.

It is, therefore, ordered and decreed that the judgment appealed from be reversed; and it is now ordered, adjudged and decreed that the rule herein taken on the 3d of November, 1882, be made absolute, and accordingly, that Frank M. Norman, the defendant therein, be condemned to comply with the adjudication made to him of the property in question, and pay the remainder of the price of adjudication, namely, seven hundred dollars, with costs of suit in both Courts.

Rehearing refused.