## No. 12,382.

### LUCIEN ADAMS VS. SUCCESSION OF FANNY S. MILLS.

Parol evidence shall not be received to prove any acknowledgment or promise to pay any debt or liability, in order to take such debt or liability out of prescription or to reverse the same after prescription has run or been completed. Art. 2278, C. C.

The prescription of three years, formerly applicable to all open accounts, could not, *under a law such as now exists* (in respect to the kind of evidence needed to establish an interruption or suspension of prescription), have been avoided by showing a verbal acknowledgment of the account by the deceased debtor and then converting the open account into an account stated. The present case fully comes under the decision in Succession of Gaines, 45 An. 1424.

APPEAL from the Civil District Court for the Parish of Orleans. King, J.

*Lazarus, Moore & Luce* for Plaintiff, Appellant.

*Chrétien & Suthon* for Defendant, Appellee.

*Rogers & Dodds* and *Chas. F. Claiborne* for Intervenors, Appellees.

Argued and submitted March 30, 1897.
Opinion handed down April 12, 1897.

The opinion of the court was delivered by

NICHOLLS, C. J. Plaintiff seeks a judgment of twelve thousand dollars, with interest, against the succession of Fanny S. Mills.

The demand is based upon allegations that for a period of eight or ten years prior to March, 1893, petitioner had been serving the late Mrs. Fannie Seymour Mills, in the capacity of business, professional and confidential adviser; that during the said period, from time to time, and from day to day, he performed divers and sundry services for her, with references to her business and household affairs, the trouble between herself and her late husband, and in various other similar ways, the said services having been performed continuously during that time; that she had no relatives or connections; that her acquaintance was very limited, and that she had, during that time, no person in whom she had confidence and to whom she could look for advice and assistance in the matters aforesaid, except petitioner, from whom she daily received aid and assistance; that she was addicted to drinking, and was of an exceedingly quarrelsome, violent and irritable disposition; that that fact made the services more onerous and valuable; that her husband was also addicted to drinking heavily, and that during said period he was often called upon to give attention, at her request, to her and her husband; that the services rendered were too numerous to specify in detail; that during the month of March, 1893, or thereafter, compensation for the services which petitioner had rendered was fixed and agreed upon between petitioner and Mrs. Mills, at the sum of ten thousand dollars, and she, at that time, and on numerous subsequent occasions, promised to pay petitioner said sum, but she failed to do so.

That during the latter part of 1893 and the years 1894 and 1895 petitioner continued to perform services as the business and personal adviser of Mrs. Mills as set forth, and considering the nature of the services and the fact that she had become an invalid and blind, they were fully worth the sum of one thousand dollars per annum, making an additional sum of two thousand dollars due him, besides the ten thousand dollars fixed between Mrs. Mills and himself.

That she having promised to pay the amount due petitioner, he refrained from bringing suit to enforce his demand, relying upon her promise as well as considering her condition. That by reason of the agreement between her and himself he was entitled to the sum

of ten thousand dollars, and to two thousand dollars additional for the services rendered after the date of said agreement up to the time of her death, they being well worth that amount.

The public administrator, who was administering the succession of Mrs. Mills, was made defendant. As such he answered, pleading the general issue and the prescription of three years. Two parties, claiming to be a brother and sister of the deceased, joined the defendant in resisting the demand. The District Court rendered judgment in favor of the plaintiff for one hundred dollars, and he appealed.

On the trial parol evidence was permitted by the court over defendant's objections, to be introduced to support plaintiff's allegations as to the promises made by Mrs. Mills to plaintiff. It was allowed under a reservation by the court that it would ultimately give it only such effect as it was legally entitled to. The objection urged was that the testimony had for its object to prove an acknowledgment of a debt by a party deceased in order to take the same out of prescription, a kind of evidence inadmissible for that purpose under the provisions of Art. 2278 of the Civil Code.

In rendering its judgment the court held that the objection had been well taken, and that all parol evidence necessary and tending to interrupt or suspend prescription should be disregarded.

Considering the case as presented, it was of the opinion that the alleged verbal "contract" sued on was not a contract, but a verbal promise to pay a prescribed debt, and therefore the claim for services rendered prior to 1893 was prescribed by the prescription invoked.

In reference to the claim for services rendered since 1893 the court said: "The only services for which plaintiff could claim compensation were those rendered in his capacity as attorney at law in court, or by giving the deceased legal advice as to litigation, pending or threatened. It is proved that the only litigation deceased had since 1893 was in reference to the succession of her deceased husband, in respect to a tomb in the St. Louis Cemetery, and in regard to a threatened litigation in regard to some gravel paving. In the succession of her husband she was represented by two able and experienced lawyers at this bar, both of whom have been compensated by her or her succession. In the matters in reference to the tomb and gravel paving, she was represented by another able lawyer

of the bar, who has been compensated by her or her succession for his services. It is proved that the plaintiff never appeared for the deceased in any court of justice, in any proceeding in this city or elsewhere. It is proved that he advised her in reference to the litigation in court as to whether the attorneys she had employed had performed or were performing their duty. For this advice, given at different times and on various occasions and for the trouble to which the plaintiff was put in order to give that advice, the court considers that he is entitled to one hundred dollars. All the other services claimed and rendered by the plaintiff to the deceased, the court is satisfied, were rendered for friendship, in the capacity of her friend, for forty-six years. They are services for which the law grants no compensation."

Plaintiff's demand is for remuneration for services alleged to have been rendered to Mrs. Mills during her lifetime. It is not claimed that either prior to, or as they were being rendered, there was any agreement or understanding that plaintiff was to be compensated, still less that the value or the manner or time of payment thereof had been fixed. He relies upon the vaguest kind of declarations of Mrs. Mills, after the alleged services were rendered, that she was under obligations to him, which she would remember and recognize in her will. The first decided promise by her to pay him for the same is set up by the plaintiff as being in 1893. Plaintiff attempts to bring his claim under the control of the principles announced in the Succession of Fowler, 7 An. 207; Alexander vs. Alexander, 12 An. 590; Nimmo vs. Walker, 14 An. 589; Copse vs. Eddins, 15 An. 528; Gaines vs. Succession of Del Campo, 30 An. 246; Danenhauer vs. Succession of Brown, 47 An. 342; Succession of McNamara, 48 An. 45; but we think that in several most important respects the cases differ. In the first place, in the different cases cited the extent of the services rendered were fully shown, as was also their character as being such, which both parties would naturally and properly expect to call for payment. C. C. 1773. In this case the difficulty which plaintiff encountered in specifying in his petition what the services performed by himself were, followed him into his proof, for leaving aside the acknowledgments of the same which are asserted to have been made by the deceased, the plaintiff's claim rests practically on no evidence. Plaintiff in his own testimony makes no such showing as he could reasonably expect would form the basis for a judgment.

But even were the evidence in the case other than what it is, plaintiff would meet with an insurmountable obstacle in the objections urged and the result of the objections urged to allowing the introduction of parol evidence to establish the promises or acknowledgments which he declares were made by Mrs. Mills.

Article 2277 of the Civil Code declares that " parol evidence shall not be received  *  *  to prove any acknowledgment or promise to pay any debt or liability in order to take such debt or liability out of prescription, or to revive the same after prescription has run or been completed." The parol evidence tendered by plaintiff was not to establish a contract which, by its special terms at its inception, was of a character such as to withdraw it from the prescription ordinarily applicable to contracts of that kind.

What he attempted to do was to prove that services which, as to their payment, would be prescribed by three years, had been taken out of such prescription and thrown under that of five or ten years by a subsequent promise or acknowledgment. Under the law, as it stood when the decision in the succession of Fowler was rendered, that could have been done, but subsequent legislation has changed the legal situation. The District Court correctly drew the distinction between parol proof of the original terms of a verbal contract and parol evidence of a verbal acknowledgment by a. a deceased person of a pre-existing claim, which, but for such acknowledgment, would be prescribed.

The prescription of three years, formerly applicable to all open accounts, could not, under a law such as now exists (in respect. to the kind of evidence needed to establish an interruption or suspension of prescription), have been avoided by showing a verbal acknowledgment of the account by the deceased debtor, and thus converting the open account into an " account stated." The present case fully comes under the decision in the Succession of Gaines, 45 An. 1424.

Plaintiff urges that the continuity of plaintiff's services postponed the date of the beginning of the prescription applicable to them to the close of the services. Their character was such as to exclude them from the operation of such a doctrine, if one exists, as they seem to have consisted of small services, each separate and distinct from the other.

We are of the opinion that the court was correct in holding

that all claims of plaintiff, prior to 1893, were prescribed. We see no error in the court's judgment upon claims subsequent to that date. We do not think it necessary to enter into an analysis of the testimony in the case.

The judgment is affirmed.