PROYOSTY, J.
Plaintiff sues as dative tutor of the minor Albert Sutton in damages for injuries suffered by the minor. Plaintiff annexed to his petition letters of tutorship, in due form, issued to him by the civil district court of the parish of Orleans, a court of competent jurisdiction both materise et personae to issue the letters. Defendant filed an exception in limine in which the ground' of exception is stated to be that, “on the face of the papers presented by plaintiff, plaintiff has no standing in court or right to pros- . ecute this suit.” This exception was referred to the merits. Why is not explained; but no doubt for the reason that our learned brother below thought that what was meant by this exception would then develop and appear. Plaintiff became informed in some way that it meant that his appointment as tutor had been irregular, for, in anticipation of the trial on the merits,' he filed a petition in which he alleged as follows:
“The supplemental and amended petition of Wa^sh T. Robinson, tutor of the minor Albert Sutton, herein appearing in his capacity as tutor in behalf and for the use and benefit of the said minor, with respect represents:
“I. That he hereto annexes and files letters of tutorship dated the 4th day of January, 1920.
“II. That defendants have heretofore excepted to the right and capacity of your petitioner to represent the said minor and to stand in judgment in behalf of the said minor.
“III. Petitioner is informed and verily believes and so avers that whatever defect may have existed in the tutorship proceedings heretofore taken to qualify him as dative tutor without bond was merely a relative nullity and is cured by time; that same cannot be attacked collaterally as attempted by defendants; that petitioner was dative tutor de jure of said minor at the date of filing the original petition herein; that want of capacity, if any, could be properly remedied after trial on the merits.
“That, however, to avoid vexatious delays and to secure prompt trial and adjudication of the said minor’s rights, your petitioner' has again been appointed and confirmed as dative tutor without bond of the aforesaid and has duly qualified as such in the manner required by law.
“IV. Petitioner reiterates all and singular the allegations of the original petition on file herein except in so far as amended.
“Wherefore your petitioner prays leave of the court to file this supplemental and amended petition; that defendants be duly cited to appear and answer this supplemental and amended petition as well as the original petition on file herein; that, after due proceedings had, petitioner have judgment in his capacity of dative tutor of the said minor, Albert Sutton, for the use and benefit of said minor, and against defendants,” etc.
[1] Nothing is better settled than that the appointment of a tutor cannot be attacked collaterally. Leckie v. Fenner, 9 Rob. 189; Stewart’s Curator v. Row, 10 La. 530; Succession of Gorrison, 15 La. Ann. 27; Martin v. Jones, 12 La. Ann. 168; Succession of Hawkins, 35 La. Ann. 591; Succession of Haley, 49 La. Ann. 713, 22 South. 251.
In the first three of the cases here cited the ground of attack was that the appointment of the tutor had been made by a court other than that of the domicile of the minor, and therefore by a court without jurisdiction — about as serious a ground of nullity as could well be thought of.
[2] Dearned counsel say that the attack in this case is direct, not collateral. It is collateral, since the regularity of plaintiff’s' appointment comes up only as an incidental or collateral issue.
In 15 R. C. D. p. 838, the definition- of a collateral attack'is given as follows:
“A collateral attack upon a judgment has been defined to mean any proceeding in which the integrity of a judgment is challenged, except those made in the action wherein the judgment is rendered or by appeal, and except suits *367 brought to obtain decrees declaring judgments to be' void ab initio.”
And what constitutes a collateral attack is stated in 23 Oyc. 1062, to be as follows:
“The term ‘collateral’ as used in this connection is opposed to ‘direct.’ If an action or proceeding is brought for the very purpose of impeaching or overturning the judgment, it is a direct attack upon it. Such is a motion or othe'r proceeding to vacate, annul, cancel, or set aside the judgment, or any proceeding to ' review it in an appellate court, whether by appeal, error, or certiorari, or a bill of review, or, under some circumstances, an action to quiet title. On the other hand, if the action or proceeding has an independent purpose and contemplates some other relidf or result, although the overturning of the judgment may be important or even necessary to its success, then the attack upon the judgment is collateral. This is the case where the proceeding is founded directly upon the judgment in question, or upon any of its incidents or consequences as a judgment, or where the judgment forms a part of plaintiff’s title or of the evidence by which his claim is supported.”
Again, counsel for defendant say that the plaintiff by Ms supplemental petition has acknowledged'judicially that he was not tutor when he filed the suit; that this left the suit without a plaintiff, causing it to lapse; and that the filing of the supplemental petition was an attempt to ingraft a new suit upon the abandoned one — a thing which cannot be done.
Plaintiff’s supplemental petition is well guarded in its language against any admission of his not having been fully qualified to stand in judgment at the time of the filing of the suit.
But, say counsel, in substance the supplemental petition amounts to such an admission, since the plaintiff could be appointed tutor a second time only on the hypothesis of his first appointment having been null and void.
We do not so understand. There is in the supplemental petition no express admission .of the first appointment having been null. On the contrary,, there is an express disclaimer of such an admission, and there is the contention that the regularity of the first appointment as tutor could not be inquired into, and that consequently the appointment had to be taken to have been absolutely regular. So that the supplemental petition amounts' to no more than that for the purpose of avoiding all question as to the quality of plaintiff for standing in judgment the second appointment "was made.
Hence the legal situation is that, for all the purposes of the' present suit, the plaintiff was regularly appointed originally, and that he has been regularly appointed a second, time. This result follows inevitably from the juris et de jure character of the two appointments, whose validity cannot be inquired into, and from the fact that, far from admitting in the petition that the first appointment was void, the plaintiff insists in said petition that defendant is without right to question the validity of said appointment.
Although, according to the minutes, the case was tried oMy on the exception, and the court heard only “the pleadings and the arguments,” yet the proceedings in the matter of the tutorship were offered in evidence; and the court, in dismissing the suit, seems to have based its judgment upon some irregularity found in them. The exception was that “on the face of the papers presented by him plaintiff had no standing in court or right to prosecute this suit.”
[3] The introduction of the tutorship proceedings in evidence was not objected to. We have considered whether the failure-to object to this evidence did not amount to a consent that the regularity of the proceedings be inquired into or to a waiver of the right to shut off inquiry in that direction. We have concluded that it did not: that the sole effect, if any, the admission of this evidence without objection could have would *369 be to enlarge the pleadings; and that this enlargement of the pleadings could make no change in the legal situation, since, even if the entire tutorship proceedings had been incorporated word for word in defendant’s exception, the legal situation would still have been that their regularity could not be inquired into, because the question is not one of sufficiency of pleading, but of whether the appointment of a tutor can be collaterally, attacked.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that the exception of want of capacity to stand in judgment be overruled, that the case be remanded for trial, and that the defendant pay the costs of the appeal.