OVERTON, J.
This is a petitory action instituted by plaintiffs to recover a three-thirteenths interest in 840 acres of land in Richland parish, and also to recover the value of timber cut and removed from the land.
The plaintiffs are the heirs of their father, George W. Wright, who died intestate on March 14, 1902. After his death their mother, Mrs. Una R. Wright, was appointed and qualified as natural tutrix to the plaintiffs, who were then minors, and A. T. Wright was appointed their undertutor. On January 27, 1903, Mrs. Wright married Daniel Pettit, without the advice of a family meeting recommending that she be retained in the tutorship of her children. In February, 1903, on the application of Mrs. Pettit and her husband, an order of court was granted for the holding of a family meeting for the purpose of providing a tutor for the minors, since their mother had vacated the natural tutorship by her marriage. The family meeting recommended that Mrs. Pettit be appointed tutrix and her husband cotutor, without bond. Out of the five members composing the meeting two dissented, and the undertutor, objecting to the recommendation, refused to approve the proceedings. The court, however, homologated them, and appointed Mrs. Pettit tutrix and her husband cotutor, and authorized letters of tutorship to issue to them upon their taking the oath of office. They qualified by taking the oath, and letters of tutorship issued to them accordingly. At the time of the appointment *1001 of the tutrix and cotutor, Andrew J. Wright was appointed undertutor.
Prior to the marriage of Mrs. Wright to Pettit, Arthur T. Wright, a major heir and Mrs. Wright, the latter individually and as natural tutrix of her minor children, instituted a suit for a partition, which involved the property in question, against Mrs. Lucy Stewart, tutrix of the minor, George W. Wright, Jr., who inherited his deceased father’s interest in the succession of his grandfather, George W. Wright, the former husband of Mrs. Pettit. In this suit, Harvey Stewart and others intervened. Thereafter a compromise was offered respecting certain difference existing among the litigants and a family meeting was held to fix the terms and conditions on which the interests of the minors, in the property to be partitioned, should be sold, and to determine whether the offer of compromise should be accepted. Prior to the meeting the tutrix and cotutor addressed a petition to the court, setting forth that Andrew J. Wright, whom the court had appointed undertutor, had failed to qualify, and praying for the appointment of another. The court then appointed O. P. Balfour under-tutor, who took the oath as such, and was present at the meeting. The family meeting fixed the terms of sale, and recommended the acceptance of the compromise. Their proceedings were homologated by the court, and judgment was then rendered ordering the property to be sold at public sale to effect the partition, the interest of the minors to be sold on the terms fixed by the family meeting. The property in due time was offered accordingly, and on September 5, 1903, was adjudicated to E. R. Sorey, who was not a party to the partition proceedings. W. L. Calhoun, Jr., and J. H. Calhoun, who are defendants in the present suit, hold from Sorey.
Plaintiffs, to overthrow the sale made to Sorey, attack as absolutely null and void the judgment homologating the proceedings of the first family meeting; that is, the one at which Mrs. Pettit and her husband were appointed tutrix and cotutor respectively, on the ground that those proceedings were con-' curred in by only three of the five members of the meeting, two dissenting, and upon the ground that the undertutor, A. T. Wright, refused to approve the recommendations, but signed objections to them, and also upon the ground that the said judgment did not authorize the tutrix to act without bond.
Plaintiffs, in order to annul the sale, also attack as absolutely null and void the second'family meeting, the one at which the terms of the partition sale were fixed, and the compromise recommended, for the reason that the duly qualified undertufor; A. T. Wright, did not approve the proceedings of the family meeting, but was ignored as undertutor, C. P. Balfour having acted in that capacity, and signed the proceedings as such, and for the reason that one of the members of the meeting, Artice Wright, was a minor at the time it was held, and another, W. D. Bradley, was at that time an owner in indivisión of a part of the property to be partitioned, and a party to the suit in which the proposed compromise was submitted to the meeting for consideration.
Defendants, W. L. Calhoun, Sr., and W. L. Calhoun, Jr., filed a plea of prescription of five years, under article 3543 of the Civil Code. This plea was tried and maintained by the lower court. Plaintiffs have appealed from that judgment. Pending the appeal plaintiffs compromised their differences with W. L. Calhoun, Jr., and upon joint motion the appeal was dismissed as to him, and is before us now only as to W. L. Calhoun, Sr.
[1] Article 3543 of the Civil Code, on which the plea is based, reads:
“All informalities connected with or growing out of any public sale, made by any person authorized to sell at public auction, shall *1003 be prescribed against by those claiming nnder such sale, after the lapse of five years from the time of making it, whether against minors, married women or interdicted persons.”
It therefore appears that the prescription of five years, prescribed by article 3543 of the Civil Code, cures all informalities that may occur in a public sale, whether originating before or after the rendition of the judgment upon which it is based. It, however, does not cure radical defects. Hickman v. Dawson, 33 La. Ann. 438; Davenport v. Knox, 34 La. Ann. 407; Doucet v. Fenelon, 120 La. 16, 44 South. 908. It has been held, however, that it cures such defects as failure to serve notice of judgment, selling a minor’s property for less than its appraised value, when it brought a fair price, insufficiency or want of advertisement, and waiver of notice of order of seizure and sale by an administrator. Holt v. Board of Liquidators, 33 La. Ann. 673; Fraser v. Zylicz, 29 La. Ann. 534; Louaillier v. Castille, 14 La. Ann. 777; Munholland v. Scott, 33 La. Ann. 1043.
This suit was filed more than five years after the sale. The questions, therefore, that present themselves, are: Eirst, are the causes alleged, as grounds for annulling the sale, illegalities; and, second, if they are, are they such as are prescribed against by the prescription of five years provided by the article of the Civil Code above cited?
[2, 3] Considering first the illegalities declared upon as such, and urged against the validity of the judgment homologating the family meeting appointing the tutrix and co-tutor, we may say that an examination of the judgment of court, making the appointment satisfies us that in making it the court dispensed with the necessity of furnishing bond. The appointment of Mrs. Pettit was necessarily as dative tutrix, and therefore, under proper conditions, it was legal to make it without requiring bond. The family meeting recommended that it be so made, and the judge homologated their proceedings, made the appointment, fixed no bond, but authorized letters of tutorship to issue upon the required oath being taken.’ It would seem to follow, therefore, by necessary implication, that the furnishing of bond was dispensed with by the judge. Hence the order was legal in that respect, and no illegality arises against which to apply or not to apply the-prescription pleaded.
[4, 5] In respect to the validity of the judgment homologating the proceedings of the first family meeting, it does not follow that, because two members of the meeting and the undertutor refused to approve the recommendations, the judge could not homologate them. As the undertutor is not regarded as a member of the meeting, though his presence is required to aid and advise, therefore, when three of the five members voted to recommend Mrs. Pettit and her husband as tutrix and cotutor, a majority <i the members of the meeting were favorable to their appointment. This authorized the judge tohomologate the proceedings if he found the-objections were not well founded. C. C. art. 277; Succession of Carbajal, 111 La. 944, 36 South. 41. There is no allegation that he proceeded irregularly in deciding the question, and hence no contention that he did, and therefore it should be accepted that he proceeded properly. Even if he did not, it’ may be added that, the appointment having been made by a competent court, and letters of tutorship having issued thereon, as directed by the order, the appointment could-not be attacked, except in a direct action instituted for that purpose. Hoover v. Sellers, 5 La. Ann. 180; Succession of Pinniger, 25-La. Ann. 53. We therefore find no irregularity or illegality here against which to apply- or refuse to apply the prescription pleaded.
[6-8] In reference to the attack on the par- *1005 tition sale, in so far as its legality depends: ■ on the second family meeting, we may say it does not follow that, merely because a member of the meeting owned an interest in the land to be partitioned, and was interested in a compromise to be submitted, he was therefore incompetent. To make one incompetent to serve on a family meeting the interest he has in the subject-matter before the meeting must be such an interest as conflicts with that of the minors. Carrollton Rand & Improvement Co. v. Eureka Homestead Society, 119 La. 702, 44 South. 434. Reference to the partition suit and to the compromise shows that, while at one time there was a conflict of interest, yet the proposed compromise, which appears to have been formulated at the time the meeting was ordered, and which was finally accepted, does not deprive plaintiffs of any rights that they were then or which they are now asserting, or any at all. In so far as relates to the fact that one of the members of the meeting was a minor at the time it was held, this is a defect which we think is cured by the prescription of five years.
[9] The only remaining attack to be considered, urged against the sale, is that the second family meeting is null and void, and therefore that the judgment based thereon is null, because A. T. Wright was ignored as undertutor, and C. P. Balfour appointed in his place, and served accordingly. That was improper. Still the plaintiffs were represented at the meeting by an undertutor appointed and recognized by the court, and sworn as such. We think the defect was such that it was prescribed against after the lapse of five years from the date of the sale.
For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be affirmed; plaintiffs to pay the costs.