No. 3499

Second Circuit

GANDY ET AL. v. CALDWELL

(July 1, 1929. Opinion and Decree.)
(January 6, 1930. Affirmed by Supreme Court on Writ of Certiorari and Review.)

Foster, Hall & Smith, of Shreveport, attorneys for plaintiffs, appellants.

L. K. Watkins and A. S. Drew, of Minden, attorneys for defendant, appellee.

REYNOLDS, J. This is a petitory action by Annie May Gandy, and Hoke Gandy and Mrs. Glennye Gandy as natural tutrix of Guy Martin Gandy as the only heir of Guy Gandy, deceased. They seek judgment against Sidney C. Caldwell decreeing them to be the owners in indivision of an undivided three-tenths of 183.00 acres of land, more or less, situated in Webster parish, Louisiana, described as S½ of SE¼; NW¼ of SE¼; SW¼ of NE¼; and NE¼ of SE¼ of Section 30 in Township 19 North Range 8 West; less 17.00 acres on the east side of the last named forty acres, and putting them in possession of the land. They allege—

"That one, Sidney C. Caldwell, a resident of your said parish, and state, is in the actual, physical possession of said property, and has had said possession since about November 16, 1916, and refuses to recognize your petitioners as the owners of an undivided three-tenths interest in said property, although the said Sidney C. Caldwell has no title, or at least has no valid claim to said property."

They allege that Annie May Gandy, Hoke Gandy and Guy Gandy purchased the share in the land from Mrs. Jessie A. Fulbright and husband J. C. Fulbright on November 14, 1904, by act recorded in volume 15 at page 285 of the conveyance records of Webster parish, and that Guy Gandy died intestate and left as his sole heir Guy Martin Gandy; and that Mrs. Jessie A. Fulbright acquired the property by purchase from Mrs. Martha C. Alamand, wife of William J. Alamand, on December 19, 1900, by act recorded in volume 10 at page 639 of said records.

It is further alleged that one C. A. Gandy, pretending to act as tutor of the plain-

tiffs Annie May Gandy and Hoke Gandy and of Guy Gandy,

"he having assumed certain qualities without having complied with the formalities and requirements of law, pretended to sell their interest in said property to one W. H. Bailey on November 25, 1913, as per act recorded in conveyance book 24 page 107 of the records of your said parish. That they were minors at the time of said pretended sale and that they did not receive anything whatsoever therefor and have never received anything therefor."

The prayer is for judgment decreeing Annie May Gandy and Hoke Gandy and Guy Martin Gandy to be the owners of an undivided three-tenths of the property and as such putting them in possession thereof and for $150 a year as rent of their share until restored to possession of it.

The defense is that plaintiffs, Annie May Gandy and Hoke Gandy, and Guy Gandy, deceased, acting through said C. A. Gandy as their duly qualified tutor, purchased the undivided interest in question in the land along with Mrs. Edith Goodwill Gandy and others, who purchased the other seven-tenths interest therein, from Mrs. Jessie A. Fulbright and her husband, by act recorded in volume 15 at page 285 of said conveyance records; and that, having so acquired the property, they were estopped to question the authority of the said C. A. Gandy to act as their tutor in its subsequent sale to W. H. Bailey; that C. S. Gandy was the duly appointed, qualified and acting tutor of Annie May Gandy, Hoke Gandy and Guy Gandy, and that he was duly authorized to sell their share in the land to W. H. Bailey for the price paid by the purchaser and that he received the price and as their tutor accounted to them for it.

That defendant purchased the property in good faith from Thomas Crichton, husband of Kate Jackson Crichton, by act translative of title dated November 16, 1916, recorded in volume 18 at page 623 of the conveyance records of Webster parish, and has been in actual, physical possession of the property as owner ever since.

And he pleads the prescriptions of four, five and ten years.

There were various calls in warranty and answers by those called in warranty; but the view we take of the case renders it unnecessary for us to consider the question of warranty.

On these issues the case was tried and there was judgment rejecting plaintiff's demand and dismissing her suit and she has appealed.

OPINION

Plaintiffs having alleged title in defendant under a deed executed by their co-heirs of age and C. A. Gandy as their tutor could not attack that title without putting themselves in the position of a vendor attacking his own acts.

The allegations of the petition under which it was sought to introduce evidence as to the nullity or invalidity of the deed were the following:

"That one C. A. Gandy, pretending to act as their tutor, he having assumed certain qualities without having complied with the formalities and requirements of law, pretended to sell their interest in said property to one W. H. Bailey on November 25, 1913, as per act recorded in conveyance book 24 page 107 of the records of your said parish.

"That they were minors at the time of said pretended sale and that they did not receive anything whatsoever therefor and have never received anything therefor."

These allegations, in our opinion, can-

not be construed to mean anything more than an attack on the acts of C. A. Gandy as their tutor on the ground that he pretended to act in that capacity without being legally authorized to do so.

It is well settled in the jurisprudence of Louisiana that the authority of a tutor cannot be attacked collaterally.

The first and law syllabi of Succession of Jacob Hawkins, 35 Ann. 591, read as follows:

"The capacity of a tutrix cannot be attacked collaterally; neither can that of an undertutor.
"Payment of the price to a specially authorized agent of the tutrix is payment to her and concludes the minors."

In Robinson vs. Scharfenstein, 148 La. 364, 86 So. 915, it was said:

"Nothing is better settled than that the appointment of a tutor cannot be attacked collaterally. Leckie vs. Fenner, 9 Rob. 189; Stewart's Curator vs. Row, 10 La. 530; Succession of Garrison, 15 La. Ann. 27; Martin vs. Jones, 12 La. Ann. 168; Succession of Hawkins, 35 La. Ann. 591; Succession of Haley, 49 La. Ann. 713, 22 South. 257. In the first three of the cases cited, the ground of attack was that the appointment of the tutor had been made by a court other than that of the domicile of the minor and therefore by a court without jurisdiction—about as serious a ground of nullity as could well be thought of."

In Wright vs. Calhoun, 151 La. 998, 92 South. 589, it was held that the appointment of the tutor having been made by a competent court and letters of tutorship issued to him, the appointment could not be attacked except in a direct action.

Under the allegations of the petition and the evidence offered in support thereof plaintiff acquired the property in controversy through a purchase made for them by C. A. Gandy acting as their tutor; and having accepted his authority to act for them as such in acquiring the property, they cannot collaterally attack his authority as such as they are seeking to do in this action.

Plaintiffs' notarial act of transfer with warranty through their tutor stands as a perpetual bar between them and any judgment recognizing them as the owners of any interest in the land.

The petition does not allege any ground of nullity in the sale by C. A. Gandy as tutor to W. H. Bailey other than that C. A. Gandy was never legally appointed their tutor, and was therefore without authority to act for them as such.

On trial evidence was offered in support of an attack on the sale based on alleged defects in the family meeting proceedings leading up to the sale. This evidence was objected to by the defendant on the ground that it was not responsive to any allegation of the petition, and it was admitted subject to the objection. In our opinion the objection was well taken and should have been sustained.

Civil Code, Article 2624, provides:

"All warranties to which private sales are subject exist against the heir in judicial sales of the property of successions."

Every sale implies warranty against any acts of the vendor and compels the vendor not only to refrain from doing anything tending to evict the vendee but requires him to defend any attack that may be made upon the title transferred by third persons.

Civil Code, Article 2501.
Louisiana Digest, vol. 6, page 613.

We find no error in the judgment appealed from and accordingly it is affirmed.