LAND, J.
 

 The plaintiffs, Annie Mae Gaudy, Hoke Gandy, and Mrs. Glennye Gandy, natural tutrix for Guy Martin Gandy, minor, sole heir of, Guy Gandy, deceased, brought the present suit in the Second district court for the parish of Webster against the defendant, Sidney C. Caldwell, claiming to be the owners of an undivided three-tenths interest in 183 acres of land in that parish.
 

 They pray to be recognized as the owners of this interest and to be placed in possession, and for rentals at the rate of $150 per annum, until the possession of the property is restored to them.
 

 The defendant, Caldwell, asserts title to this property through mesne conveyances from W. H. Bailey, to whom the interest of plaintiffs had been conveyed by their tutor at private sale, under order of court, to effect a partition. This sale was made November 25, 1913, and had been recommended by a family meeting, whose proceedings had been duly homologated on May 15, 1906.
 

 On July 25, 1910, a subsequent family meeting recommended that the tutor be authorized to use all of the capital of the minors, includ
 
 *873
 
 ing the proceeds of the tract of land in Webster parish, then unsold, for their support and education.
 

 Plaintiffs base their cause of action upon the following allegations:
 

 “That one O. A. Gandy,
 
 pretending
 
 to act as their tutor, he having assumed
 
 cei'tain qualities mthout having complied with the formalities and requirements of law, pretended to sell
 
 their interest in said property to one W. H. Bailey on Nov. 25,1913, as per act recorded in Conveyance Book 24 p. 107 of the records of your said Parish.
 

 “That they were minors at the time of said
 
 pretended sale
 
 and that they did not receive anything whatsoever therefor and have never received anything therefor.
 

 “That one, Sidney C. Caldwell, a resident of your said Parish and State, is in the actual physical possession of said property, and has had said possession since about Nov. 6, 1916, and refuses to recognize your petitioners as the owners of an undivided 3/10 interest id said property, although the said Sidney C. Caldwell has not title, or, at least, has no valid claim to said property.”
 

 Plaintiffs strenuously insist that this is purely a petitory action. In this view of the case we cannot concur. It is plain from the allegations of the petition that this is an action of nullity, in which plaintiffs seek to annul the sale made, under order of court, by their tutor to Bailey, a third person, through a collateral attack upon the appointment of the tutor.
 

 It has been repeatedly held by this court that the appointment of a tutor cannot be attacked collaterally, and that a transfer of real estate that is voidable, not absolutely void, cannot be set aside in a petitory action; the only remedy being by a direct action of nullity against the parties to the transaction. Robinson v. Scharfenstein & Son et al., 148 La. 364, 86 So. 915, and cases there cited; Richardson v. McDonald, 139 La. 651, 71 So. 934; Vinton Oil & Sulphur Co. v. Gray, 135 La. 1059, 66 So. 357, 359.
 

 Collateral attack is of no avail in a suit against a third person, deraigning title from the vendee of the tutor, who sells at private sale under the order of a court of competent jurisdiction homologating the proceedings of a family meeting, which has recommended such sale to effect a partition. This is clearly such a suit.
 

 If the tutor in this case did not comply with the formalities and requirements of law as to his appointment, his capacity should have been attacked in a direct action and he should have been divested of his trust. Until this had been accomplished, the letters of tutorship issued to him are full protection to third persons dealing with him in his of-' ficial capacity.
 

 Where proceedings are carried on for the sale of minors’ property, in the name of a tutor, and they appeai; substantially regular and were conducted contradictorily with the undertutor, a decree of sale from a competent court is protection to the purchaser. Succession of Jacob Hawkins, 35 La. Ann. 591; Dauterive v. Shaw, 47 La. Ann. 882, 890, 17 So. 345; Lalanne’s Heirs v. Moreau, 13 La. 431; Carrollton Land & Imp. Co. v. Eureka Homestead Soc., 119 La. 693, 703, 44 So. 434; In re Altemus’ Estate, 32 La. Ann. 364; Duson v. Dupre, 32 La. Ann. S96; Thompson v. Tolmie, 2 Pet. 166, 7 L. Ed. 381.
 

 The tutor in this case was an uncle of the minors and one of their nearest living relatives. He was appointed tutor, with the concurrence of the grandfather and grandmother of the minors, both of whom were old and infirm, but without the advice of a family meet
 
 *875
 
 ing. The tutor gave bond, took the oath of office, and letters were issued to him.
 

 Conceding that the advice of a family meeting was required by law, yet the tutor was a de facto officer. It is well settled, under the decisions above cited and numerous others, that mere illegality in the appointment of a tutor, administrator, or curator will not vitiate the acts done under it. The acts of the officer in such case are valid, although he should have been illegally appointed.
 

 It is held in Lalanne’s Heirs v. Moreau, 13 La. 437, that sales directed by the courts' of probate are judicial sales to all intents and purposes, and the purchaser is protected by the decree; that the decree of the court is to be received as conclusive evidence, not to be impeached from within, and, like all other acts of the highest judicial authority, impeachable only from without; and that a judgment, decree, sentence, or order, passed by a court of competent jurisdiction, which creates or changes a title, or any interest in an estate, is not only final as to the parties themselves, but furnishes conclusive evidence to all mankind that the right or interest belongs to the party to whom the court adjudged it.
 

 In the case of Thompson v. Tolmie, 2 Pet. 163, 7 L. Ed. 381, which was an action instituted on account of some alleged informalities in a sale of a minor’s property, made by order of the court, the Supreme Court of the United States said: “These proceedings were brought before the court below,
 
 collaterally,
 
 and are by no means subject to all the exceptions which might be taken on a direct appeal. They may well be considered judicial proceedings; they were commenced in a court of justice, carried on under the supervising-power of the court, and to receive its final ratification. The general and well-settled rule of law in such cases is, that when the proceedings
 
 are collaterally drawn in question,
 
 and it appears upon the face of them,
 
 that the subject-matter was xoithin the jurisdiction of the court, they are voidable only.
 
 The errors and irregularities, if any exist, are to be corrected by some direct proceeding, either before the same court, to set them aside, or in an appellate court.” (Italics ours.)
 

 The same high authority added in conclusion that: “If the purchaser was responsible for the mistakes of the court, in point of fact, after they had adjudicated upon the facts, and acted upon them, these sales would be snares for honest men.”
 

 The Second district court was a court of competent jurisdiction to appoint a tutor to these minors. The undertutor approved the proceedings of the first family meeting, which was held to order the sale of the property to effect a partition. The undertutor also approved the proceedings of the second family meeting, which was convened to authorize the tutor to take from the capital of the minors for their support and education, including the price of the
 
 unsold
 
 tract of land. The proceedings of both of these family meetings were duly homologated by judgments of the court.
 

 This tract of land, when sold, brought a higher price than the minimum price fixed by the first family meeting. There is no evidence in the record to show that the property, when sold, had increased in value, to any appreciable. extent. It consisted of uplands, admittedly . of small value. As Bailey, the original purchaser, is protected by the decree of the lower court, and paid the purchase price to the tutor of the minors, they cannot be heard to complain, as against defendant, a third person acquiring the property, that
 
 *877
 
 the tutor failed to account to them for the price. Their recourse is against the tutor. R. O. O. art. 362.
 

 In our opinion, the defendant has a valid title to the property in dispute.
 

 The demands of plaintiffs were rejected in the Second district court and in the Court of Appeal, Second Circuit.
 

 For the reasons assigned herein, the judgment of the Court of Appeal, Second Circuit, is affirmed.