## SMITH v. BURT et al.
### No. 377.

District Court, W. D. Louisiana, Shreveport Division.

Aug. 24, 1930.

Robert A. Hunter and Cecil Morgan, both of Shreveport, La., for complainant.

Frank J. Looney and Cook & Cook, all of Shreveport, La., for respondent.

DAWKINS, District Judge.

Complainant, alleging herself to be the legally appointed curatrix of her husband, Jasper Newton Smith, brings this suit to annul a deed to certain real property, executed by one of the respondents to said Smith, upon the ground that he was mentally incompetent and notoriously insane, to the knowledge of said defendant, at the time of the transaction complained of.

Respondents have each moved to have plaintiff "make a further and better statement" as to whether she appears "in court under authorization of the court appointing her," and, if so, for a "copy of the authorization and petition on which same is based." They have also moved to dismiss on the ground that the petition does not disclose the diversity of citizenship necessary to give this court jurisdiction.

Defendant J. E. Burt has also excepted that the petition discloses no cause of action as to him, for the reason that it does not charge bad faith in the acquisition of the mortgage note which it is sought to have surrendered and canceled in so far as the personal liability of the interdict is concerned.

The question of jurisdiction based upon diversity of citizenship will be disposed of first.

Plaintiff alleges that she and her husband, although citizens of Arkansas, were temporarily residing in this state, where he was formally interdicted and she was appointed curatrix of his person and estate by the district court of Caddo parish. Under the Louisiana Code, as well as general jurisprudence, the domicile of the tutor or guardian is the domicile of the minor or interdict. La. Civ. Code, art. 39. The citizenship of

the guardian controls the jurisdiction of the federal court, regardless of where he was appointed. In re Estate of McClean, Jr., deceased (C. C.) 26 F. 49; C. J. vol. 25, p. 754, verbo "Guardian and Ward," and footnotes. The petition in this case affirmatively alleges that the plaintiff, curatrix, is a citizen of the state of Arkansas, and this I think is sufficient for the purposes of the motion.

The plea for a further statement of the proceedings leading up to her appointment is, as appears from the briefs, to enable respondents to make an attack upon her capacity to represent her husband. My view is that it cannot be done in this collateral manner. The rule is the same as in the cases of administrators and tutors, and it is well settled that the letters of appointment afford full proof of plaintiffs' authority until the same have been vacated by the court granting them in a direct action. Duson v. Dupre, 32 La. Ann. 896; Robinson v. Scharfenstein, 148 La. 364, 86 So. 915. However, if we were to go into the question, we would find the appointment of curators to interdicts is made "according to the same forms as the appointment to the tutorship of minors." Civ. Code, art. 405. See, also, article 415. The following articles of the Civil Code and Code of Practice recognize the power of the courts of this state to appoint a nonresident as tutor, and I think are, by analogy and the express provisions of the Code just above referred to, equally applicable to interdicts and their curators, to wit:

Article 307, Civ. Code:

"What Court Appoints; Appeal. The appointment, recognition or confirmation of tutors must be made by the judge of the parish where the minor has his domicile, if he has a domicile in the State, or if he has no domicile in the State, by the judge of the parish where the principal estate of the minor is situated, saving to the parties the right of an appeal within thirty days from the judgment decreeing the nomination or confirmation, after which delay no appeal shall be admitted."

Article 946 of the Code of Practice also provides:

"If the father and mother of the minor reside out of the State, and are not represented in it, and the minor be also absent, he may be provided with a tutor or curator by the judge of probate of the place where he has interests to assert or defend."

See, also, Code Prac. art. 962.

In the present case the interdict had an estate or interest to assert in Caddo parish, and I think the court of that district had authority to make the appointment.

As to the question raised by J. E. Burt, that no cause of action is stated against him because the petition does not affirmatively allege his bad faith in coming into possession of the note which it is sought to have canceled and surrendered, and in the alternative to be held the obligation of W. G. Burt, the other respondent, secured by a mortgage upon the property without any responsibility on the part of the interdict, if the plaintiff succeeds in establishing the alleged infirmity of the note in the hands of the original payee or holder, then that will be sufficient to cast the burden upon J. E. Burt to allege and prove his own good faith. See section 59 of Act 64 of 1904, of the Louisiana Legislature, known as the Negotiable Instruments Law; Louisville, N. A. & C. Railway Co. v. Ohio Valley Improvement Co. (C. C.) 57 F. 42; In re Hill (D. C.) 187 F. 214; Mills v. Keep (D. C.) 197 F. 360; Stewart v. Lansing, 104 U. S. 505, 26 L. Ed. 866.

There is one other point raised in the brief, and that is, under the jurisprudence of Louisiana, a dative tutor or curator cannot be excused from giving bond if he does not reside in the state. However, the nature of the wife's appointment is dative; that is, she had to be recommended by a family meeting under the article of the Code, which, notwithstanding, expressly relieves her from giving bond. Civ. Code, art. 413; Interdiction of Bothick, 43 La. Ann. 547, 9 So. 477. See, also, Succession of Myra Clark Gaines, 42 La. Ann. 699, 7 So. 788.

For the reasons assigned, the motion will be denied. Proper decree may be presented.