HALL, Judge.
In this action plaintiffs seek to annul on the grounds of alleged ill practices certain judgments rendered in 1928 appointing a tutrix for plaintiffs and authorizing the tu-trix to sell immovable property belonging to plaintiffs at private sale, and to annul all acts emanating therefrom. From a summary judgment granted in favor of defendants, plaintiffs appeal.
Plaintiffs are Booker T. Carter, James D. Carter and Willie Mae Nelson, grand *860 children of John Mozeke and Rhoda Moz-eke, who while minors residing in Claiborne Parish inherited interests in a tract of land located in Claiborne Parish described as the Southwest Quarter of Section 32, Township 22 North, Range 6 West. Defendants are Mattie Jean Moz-eke Spears, aunt of plaintiffs who was appointed tutrix; J. C. Spears, husband of Mattie Jean Mozeke Spears, to whom she sold the minors’ interests in the property; and Ralph L. Harmon and Sidney A. Brinker, who purchased the property from Spears on April 12, 1969. Also named as a defendant was Union Indemnity Company, surety on the tutrix’ bond, which company has apparently not been served and is not before this court in this proceeding.
The record shows that in 1928 plaintiffs were the owners of undivided interests in the property in question as follows:
Willie Mae Nelson — undivided %2 interest
Booker T. Carter — undivided %i interest
Janies D. Carter — undivided %i interest
The record further shows that in 1920, J. H. (John) Mozeke, plaintiffs’ grandfather, had been duly appointed and qualified as tutor of the minors, Booker T. Carter and James D. Carter in a tutorship proceeding (Probate Docket 385) and that this appointment was never formally revoked or set aside. Nevertheless, in 1928, defendant Mattie Jean Mozeke Spears, plaintiffs’ aunt, in a separate tutorship proceeding (Probate Docket 956), alleging that no tutor had been appointed for the minors and that the grandfather, J. H. Mozeke, was in the Texas penitentiary, was appointed tu-trix for the minors Booker T. Carter and James D. Carter. In the same proceeding she was authorized to sell the minors’ interests in the property at private sale and pursuant to such authorization the tutrix executed a deed conveying the minors’ interests to J. C. Spears, her husband. Pursuant to subsequent order of the court, the tutrix executed a ratification deed in favor of the same purchaser in May, 1928.
Plaintiffs alleged in their petition that no tutorship proceeding was ever had for the minor, Willie Mae Nelson, whose interest in the property was also sold to J. C. Spears by Mattie Jean Mozeke Spears purporting to act as tutrix for this minor. This allegation is not correct as the record clearly shows that Mattie Jean Mozeke Spears was duly appointed tutrix for Willie Mae Nelson (Probate Docket 955) and was authorized to sell the minor’s interest in the property at private sale.
The record further shows that on April 12, 1969, J. C. Spears and his wife, Mattie Jean Mozeke Spears (who also owned an individual interest in the property as separate property inherited from her mother), sold the property to Ralph L. Harmon and Sidney A. Brinker, residents of Claiborne Parish.
Plaintiffs allege that the orders rendered in the second tutorship proceeding involving Booker T. Carter and James D. Carter are absolute nullities and should be set aside because of “ill practices” consisting of (1) carrying on a second tutorship while a valid tutorship was already in existence, (2) appointment of Mattie Jean Mozeke Spears as second tutrix for the minors for the sole purpose of disposing of their property to the husband of the tutrix, and (3) failure of the plaintiffs to receive any compensation for the sale of their property.
Specifically, plaintiffs pray that the second tutorship proceeding (Probate Docket 956), the orders and/or judgments issued therein, and the acts emanating therefrom be declared null and void and formally set aside.
A motion for summary judgment was filed on behalf of all defendants (except Union Indemnity Company), supported by certified copies of the records in all three tutorship proceedings together with the affidavit of defendants J. C. Spears and Mattie Jean Mozeke Spears. Defendants contend that there are no genuine issues of material fact and that they are entitled to judgment dismissing plaintiffs’ suit as a matter of law. Defendants contend partic *861 ularly that the second tutorship proceeding is completely regular in all respects and complied with all requirements of law applicable at the time, especially in view of the fact that the first tutor, J. H. Mozeke, was in the Texas penitentiary and unable to serve at the time the second tutorship was opened.
Plaintiffs answered the motion for summary judgment, denying the allegations thereof, attaching the depositions of J. C. Spears and Mattie Jean Mozeke Spears and an affidavit by two of the plaintiffs, Willie Mae Nelson and James D. Carter. Although the depositions support the fact of J. H. Mozeke being in Texas and probably in the penitentiary at the time of the second tutorship, the affidavit of plaintiffs denies this fact and denies that J. H. Moz-eke was unable to perform his duties as tutor.
In granting the motion for summary judgment, the district court held that since the first tutor of the minors was absent from Louisiana and perhaps in the Texas penitentiary, there was nothing illegal or irregular about the appointment of a new tutrix by a court with jurisdiction. The district court further held that even if plaintiffs proved the allegations of “ill practices” contained in their petition they would not be successful in the lawsuit. Although there may be disputed facts, they have no bearing on the issues and are not material to a decision in this case.
The district court did not consider or pass on a plea of liberative prescription based on Civil Code Article 340 and a plea of acquisitive prescription based on Civil Code Article 3478 filed by defendants, in view of the court’s decision on the motion for summary judgment.
We concur in the result reached by the district court in granting summary judgment, but do not concur entirely in the reasons expressed by the court.
Since plaintiffs have by affidavit denied that J. H. Mozeke was in Texas and in jail and unable to serve as tutor in 1928, we cannot, in considering the motion for summary judgment, accept his absence from the state as an established fact although other information in the record tends to support this fact. However, even though there may be a genuine issue as to this fact, we do not deem it to be material.
In the second tutorship proceeding, it was alleged that the grandfather was in the Texas penitentiary and unable to serve. Under the law applicable at that time, if a tutor absented himself from the state he ipso facto ceased to be tutor and the court had the duty to appoint another tutor, there being no necessity for a judgment removing the absent tutor. LSA — Civil Code Article 314; Succession of Bookter, 18 La.Ann. 157 (1866); Succession of Cass, 42 La.Ann. 381, 7 So. 617 (1890); Matthews v. Olla State Bank, 164 La. 463, 114 So. 98 (1927).[1]
Whether the allegation of the tutor’s absence from the state was, in fact, correct the second tutorship proceeding appears to be entirely regular on its face based on the allegation of Mozeke’s absence from the state and the law applicable at the time.
Even if the tutor were not absent from the state in 1928, and even if the purpose of the second tutorship proceeding were solely to dispose of the minors’ property to the husband of the tutrix, and even if the minors never received any consideration for the sale — even if these facts constitute “ill practices” that would have entitled plaintiffs to an annulment of the judgments rendered in the tutorship proceedings as against the original parties thereto — the judgments rendered are regu *862 lar on their face and cannot be annulled to the prejudice of a subsequent third party purchaser.
Plaintiff has alleged that the property was sold in 1969 to defendants, Harmon and Brinker. There is no allegation of bad faith on the part of these defendants who purchased the property forty-one years after the tutorship judgments were rendered. They are entitled to rely on the tutorship judgments which appear to be regular, in compliance with all the requirements of law, and rendered by a court of competent jurisdiction. Key v. Salley, 218 La. 922, 51 So.2d 390 (1951); Gandy v. Caldwell, 169 La. 870, 126 So. 221 (1930). They are entitled to rely on the face of the public records and are protected against fraud, failure of consideration, or secret equities that may exist between parties to an earlier transaction or judicial proceeding. McDuffie v. Walker, 125 La. 152, 51 So. 100 (1909).
For these reasons, we conclude there are no genuine issues of material fact and defendants are entitled to judgment as a matter of law. The judgment appealed from is affirmed.
Affirmed at appellants’ cost.

. We are aware of the Supreme Court’s comments on Matthews in Castille v. Gallagher, 206 La. 904, 20 So.2d 175 (1944), which limit the effect of the Matthews decision on the point involved here. However, the court in Castille was dealing with the procedure required to remove a curator of an interdict, a different problem altogether, and in any event did not overrule Matthews or Bookter, which latter case is directly in point.